In the Matter of Francis A. Gilbert, Petitioner, against J. Bradbury German, as Mayor of the City of Utica, et al., Respondents.

John R. Philip et al., Interveners.

Supreme Court, Oneida County, October 5, 1944.

*Bartle Gorman* for petitioner.

*Leo O. Coupe, Corporation Counsel,* for respondents.

*Willis D. Morgan* for John R. Philip, intervener.

*Thomas B. J. Quinn* for Municipal Housing Authority, intervener.

*Raymond B. Burdick* for Delval Construction Corporation, intervener.

CREGG, J.   This is a proceeding brought under article 78 of the Civil Practice Act.   It is directed against the Mayor and Commissioner of Public Safety of the City of Utica.

The relief sought is for an order to compel said Mayor and Commissioner of Public Safety to take care that the provisions of article 4 of the General City Law of the State of New York, the provisions of the Ordinances of the City of Utica, dated April 19, 1933, and other ordinances relating to public work in the city of Utica and the Plumbing Rules and Regulations of the City of Utica be enforced within the city of Utica, New York, by action of the Police Department of said City, insofar as the Delval Construction Corporation contract is concerned.

Upon the return of this proceeding the respondents, J. Bradbury German, as Mayor of the City of Utica, and Alan Stevenson, as Commissioner of Public Safety, moved to dismiss the proceedings upon the grounds, first, that the petition did not state facts sufficient to constitute a cause of action; second, that the petitioner has another remedy at law.

That motion having been denied, respondents then filed an answer in which they, first, admitted all of the allegations contained in paragraphs 2, 3, 4, 5, 9, 11, 12, 13, 14 and 15 of said petition; second, denied all of the other allegations contained therein; third, as a further defense and answer they set forth

in substance that John R. Philip, the plumbing contractor engaged in doing the work on the housing project, even though he failed to obtain a license from the City of Utica, is a competent and capable man and has licenses from various other municipalities in the State of New York. Fourth, these respondents also allege that this proceeding is brought in bad faith and for the purpose of embarrassing the City administration and the contractor engaged in performance of the work.

The petition in this proceeding was served upon the Housing Authority of the City of Utica, the Delval Construction Corporation and John R. Philip. They appeared upon the hearing and asked permission to intervene and file answers.

These answers in substance set up eight separate and distinct defenses which are substantially the same as the defenses set forth by German and Stevenson. They also claim that an order in the nature of mandamus cannot issue to prevent a third party from performing an illegal act.

The petitioner in his reply denies the allegations set forth in respondents' answer.

Briefly the facts in this proceeding are that the Municipal Housing Authority of the City of Utica entered into a contract with the Delval Construction Corporation, with offices in New York City, to construct a certain housing project in the city of Utica. That project was approved by the Federal Housing Authority and priorities granted.

The Delval Construction Corporation sublet the plumbing portion of that contract to John R. Philip, a resident of the State of New York and a plumbing contractor.

There isn't any question raised in this proceeding that the Delval Construction Corporation is a competent construction contractor.

It is claimed, however, that John R. Philip, the subcontractor for the plumbing and heating portion of the project in the city of Utica, does not come up to the standards set by article 4 of the General City Law and the Board of Plumbing Examiners of the City of Utica.

It is conceded that Philip failed to pass the examination required by such Board. It is also conceded that repeated demands have been made upon the Mayor and the Commissioner of Public Safety to enforce the laws and prevent Mr. Philip from continuing with the plumbing work. The Mayor and Commissioner of Public Safety have neglected and refused to take any steps to prevent Mr. Philip from continuing with his plumbing contract and still neglect and refuse to do so.

In view of these undisputed facts the only questions presented for consideration here are:

First, is the petitioner a citizen of the city of Utica, entitled to maintain this proceeding?

It was urged by the Corporation Counsel appearing for the Mayor and Commissioner of Public Safety, on the return day, that this proceeding was not brought in good faith because the petitioner is an employee of the Hameline Company, a local contractor in the city of Utica. That the Hameline Company submitted a higher bid than that of Mr. Philip for the plumbing work on this project. Therefore, this is a political proceeding brought as a subterfuge by a disappointed contractor in order to embarrass the Mayor and the Commissioner of Public Safety of the City of Utica. He claims that it is a complete defense to the alleged cause of action.

Even if that contention were true, it would not be a defense to this proceeding. The petitioner (Mr. Gilbert) is seeking to enforce a right in which the general public is interested. The enforcement of that right is the concern of every citizen. In this case it might seriously affect the health of the community. The question of his good faith is beside the point.

The Appellate Division, First Department, in the case of *People ex rel. Pumpyansky* v. *Keating* (62 App. Div. 348, 350), in discussing the right of a citizen in a proceeding such as this, to compel a public officer to perform his duty, said: " It is plain that the relator has standing to maintain this proceeding. The right which the writ seeks to enforce affects the general public, and, under such circumstances, the enforcement of the right, is the concern of every citizen, and no special interest, except that of the general public, need be shown. (*People* v. *Collins*, 19 Wend. 56; *People ex rel. Waller* v. *Supervisors*, 56 N. Y. 249; *Chittenden* v. *Wurster*, 152 id. 345.) The rule is otherwise where the relator seeks to enforce a private right." (Revd. on other grounds 168 N. Y. 390.)

The wrongful refusal of a public officer to perform a public duty imposed upon him by law is no more the concern of one citizen than another. It is at least the right, if not the duty, of every citizen to interfere and see that a public offense be properly punished and that a public grievance be remedied. (*Matter of Bennett* v. *Merritt*, 173 Misc. 355, 361.)

The second question for consideration is whether or not John R. Philip is entitled to continue with the plumbing contract upon the housing project in the city of Utica.

It is contended by the respondents that inasmuch as Mr. Philip is only engaged upon one job in the city of Utica, he is not required to pass the examination required by the Board of Plumbing Examiners of the City of Utica. That contention is not well founded for the reason that Mr. Philip is engaged in installing the plumbing and heating in *147 dwelling units in the city of Utica* without having obtained the necessary certificate from the Board of Plumbing Examiners of the City of Utica, and without having complied with article 4 of the General City Law of this State. In my opinion, he is clearly engaged in plumbing in the city of Utica, whether he is engaged in plumbing on only one separate dwelling or many dwellings.

It is also contended by the interveners that the Municipal Housing Authority is acting as a governmental agency, an instrumentality of the State of New York and the City of Utica, in construction work vital to national defense activities.

This is a housing project intended to remain for all time even after the successful determination of the war. I find nothing in the governmental regulations or the contract itself that even intimates that the construction work can be carried on in violation of a State law or the ordinances of the City of Utica.

Subdivision 2 of section 50 of the New York State War Emergency Act (L. 1942, ch. 445, as amd.) cited by the interveners, which says: " * * * provisions of law, whether general, special or local, insofar as they tend to prevent, hamper or delay such county, city or village in expediting such construction * * * shall be inoperative * * * ", in my opinion, does not apply in this case. It is very evident that the general contractor can procure the services of a competent plumber duly authorized to perform plumbing work in the city of Utica without hampering or delaying the City in expediting such construction.

The third and remaining question to be determined is whether or not the petitioner is entitled to the relief demanded. The Corporation Counsel contends that a peremptory order in the nature of mandamus cannot issue because there is a dispute as to whether or not Mr. Philip is engaged in plumbing within the city of Utica and whether or not one single job in the city of Utica which includes the installation of 147 plumbing units constitutes a violation of the Plumbing Code of the City of Utica and article 4 of the General City Law of this State.

In my opinion, these questions do not raise issues of fact. They only raise issues of law upon conceded facts. (*People ex rel. Weatherwax* v. *Watt,* 115 Misc. 120, affd. 197 App. Div. 929.)

This proceeding under article 78 of the Civil Practice Act is the proper remedy. A public officer may be required to rescind an illegal act as well as to perform a legal duty. (*Matter of Kornbluth* v. *Rice*, 250 App. Div. 654, 656; *Matter of Dodd* v. *Martin*, 248 N. Y. 394; *Matter of Cropsey* v. *Tiernan*, 172 App. Div. 435; *Matter of Lewis* v. *Carter*, 220 N. Y. 8, 13; *People ex rel. Judge* v. *Hylan*, 200 App. Div. 430.)

I am aware that mandamus is an extraordinary remedy and the judiciary is loath to interfere with the executive department of the government in the exercise of its official duties unless some specific act which the law requires to be done has been omitted; that it is not used for the purpose of preventing third parties from doing illegal acts. (*Matter of Walsh* v. *LaGuardia*, 269 N. Y. 437.)

In the *Walsh* case (*supra*), there was nothing in the moving papers to show specifically wherein the Mayor refused to perform a duty and there was nothing to show that any corporation was illegally operating busses in the city of New York. The names of persons or associations illegally using the streets were not mentioned. These parties, if any, were not given an opportunity to intervene or take any part to defend their positions and there was nothing to indicate the precise violations of law permitted by the Mayor.

The instant case is entirely different. Mr. Philip is engaged in plumbing in the city of Utica contrary to law. He, the general contractor and the housing authority all intervened and filed answers in this proceeding. Their positions were fully set forth and determined. Mr. Philip failed to obtain a certificate from the Board of Plumbing Examiners of the City of Utica. The Mayor and the Commissioner of Public Safety after demand have neglected and refused to stop Mr. Philip or take any steps to prevent him from continuing illegally to carry on plumbing in the city of Utica. Such construction may seriously affect the health of the inhabitants of the city. It is the plain duty of the Commissioner of Public Safety and the Mayor of the City of Utica to enforce the law. There is no doubt that the court under such circumstances has power to issue its order in the nature of mandamus to the Mayor and Commissioner of Public Safety to compel the performance of their duty. (*People ex rel. Pumpyansky* v. *Keating*, 168 N. Y. 390.)

It is evident that the Mayor and Commissioner of Public Safety acted in good faith and in reliance upon the opinion of the Corporation Counsel to the effect that Philip did not require a certificate from the Board of Plumbing Examiners of the City.

In view of that fact the court feels that in the exercise of its discretion an order in the nature of mandamus should not be entered at this time. The order is therefore denied, without costs, and without prejudice to a renewal of the application in the event the City officials fail to act.

Order may be entered accordingly.