Aron Stetjer, J.
This is a proceeding pursuant to article 78 of the Civil Practice Act to review a determination of respondent license commissioner in denying petitioner a license to conduct a “ going out of business ” sale. Petitioner conducts a haberdashery store and applied to respondent for a license to advertise by means of signs on the premises that it was being forced to go out of business and was selling its stock of merchandise at reduced prices because of this. Respondent refused to issue the license.
Petitioner asserts two grounds for overruling respondent’s decision. The first is that the statute is unconstitutional; the second that the commissioner’s action was arbitrary.
It is said that the provisions of the Administrative Code of City of New York (ch. 32, tit. B, art. 28) contravene the Constitution in that they deprive the plaintiff of property without due process and interfere with its right of free speech. Plaintiff is not deprived of any property, nor is any property right interfered with.' It is not being restricted in the sale of its goods nor is it being limited in respect to the prices it may charge. The only restriction is on calling its sales a closing out sale or giving it some similar designation. No property right is involved. Nor is free speech, except in a fanciful sense, concerned in the problem. It is well recognized that the police power extends to the regulation of advertising that may mislead the public. The conditions which gave rise to the code article are well known. The public was being induced by unscrupulous merchants to make purchases under the belief that stocks of goods were being sold at sacrifice prices. A favored device was by distress advertising displayed on the *1089 store that the proprietor was going out of business for one cause or another. To prevent fraud by limiting such sales to instances where the representations were bona fide is not an interference with free speech.
On the issue of whether the action was arbitrary the argument is again twofold. It is sufficient to defeat the first to point out that the same formalities which surround the revocations of certain licenses are not required to be observed on applications for these licenses. The applicant appears voluntarily and if he is not represented by counsel, nor informed as to what he must do to satisfy the requirements, that is his own affair and there is no obligation to inform him.
The second ground is the serious one. Petitioner claims that it is going out of business because the landlord has notified it that the landlord requires the space for its own use. Notice to that effect is not in question. Respondent refused the license because the petitioner in 1954 applied for a similar license, received it and conducted a sale. The reasons given were similar. Actually petitioner did not go out of business on that occasion but merely changed the name of its business. On the present occasion petitioner did not wait for the issuance of a license but displayed signs appropriate to a closing out sale. Respondent has therefore based his determination on the fact that a prior sale was not justified by the eventuality and petitioner, who should have full knowledge of the necessity of a license, went ahead without one to do the very thing for which a license is needed. Furthermore at the time of the hearing on the application there was nothing definite as to the date when petitioner would be required to evacuate the premises nor was it certain that it would be required to do so at any time. Also petitioner had then received a summons for unlawfully advertising the sale.
While the statute seems, when read in its entirety, to limit respondent’s discretion to a finding of whether the proposed sale is legitimate, his determination here does not appear to be arbitrary. Neither the prior sale nor the violation of law in advertising without a license would necessarily be conclusive on this question but as grounds of decision they are not so far afield as to be deemed capricious. Under these conditions it was the respondent’s decision to make.
Motion denied.