Henry Clay Greenberg, J.
The plaintiff, the City of New York, instituted this action to restrain permanently the defendants from selling or offering to sell to the public goods and merchandise by advertising or otherwise in such manner as to reasonably convey to the public that upon the disposal of the stock on hand the business would close absolutely and finally.
Service of process was effectuated upon the corporate defendant, and not upon the individual defendants.
The record discloses that the corporate defendant (hereinafter called “defendant”), conducted a retail men’s haberdashers'" on Madison Avenue, New York City. The defendant *675 had operated this business for approximately 22 years.. During November, 1957 defendant applied to the Department of Licenses of the City of New York for an authorization, i.e., a license, to conduct for a 30-day period a so-called ‘1 forced-out-of-business or final sale ”. The application was rejected after a departmental investigation and hearing upon the matter.
An article 78 proceeding was thereafter commenced by defendant, as petitioner, to review this determination on the ground that the statute (Administrative Code of City of New York, ch. 32, tit. B, art. 28) pursuant to which the License Commission had functioned, was unconstitutional in that it deprived petitioner of property without due process and interfered with its right of free speech and, moreover, that the denial of the application was arbitrary. It appears that the commissioner rejected the application because petitioner had in 1954 received a similar license based upon like reasons, conducted a sale and then, though technically it terminated the business, in reality it merely changed the business name of the store and then reopened.
The court, in denying the article 78 proceeding, stated: “ Plaintiff [defendant herein] is not deprived of any property, nor is any property right interfered with. It is not being-re stricted in the sale of its goods nor is it being limited in respect to the prices it may charge. The only restriction is on calling its sales a closing out sale or giving it some similar designation. * * * It is well recognized that the police power extends to the regulation of advertising that may mislead the public.” (Matter of Windsor Madison Corp. v. O’Connell, 9 Misc 2d 1087,1088.)
That proceeding was followed by an application by this defendant for a declaratory judgment that article 28 of title B of chapter 32 of the Administrative Code, was unconstitutional. The complaint therein was dismissed. Plaintiff alleges that the defendant, notwithstanding the afore-mentioned decisions, persisted in its flagrant violation and obvious disregard of the pertinent statute by publishing in the metropolitan newspapers and by posting placards and signs in its store windows indicating that a forced-out-of-business sale was in progress.
The present record sets forth that approximately 76 summonses were served upon the defendant during the period from December 5, 1957, to the date of trial for violation of the pertinent provisions of the code. In some instances the defendant was found guilty in the Magistrates’ Courts and fined; and in other cases, the particular summons was dismissed.
*676 Our present inquiry is twofold: first, does a court of equity have jurisdiction to issue an injunction in the circumstances present? Secondly, is there sufficient basis to warrant the exercise of such authority to the extent of granting the injunctive relief sought?
A landmark determination propounding and reviewing the power and jurisdiction of a court of equity to compel compliance or enjoin a violation of a legislative enactment is People ex rel. Bennett v. Laman (277 N. Y. 368) wherein the court stated at pages 378-379: “ It is freely admitted that equity will not enjoin the commission of a crime as such * * * but where the chief purpose of the statute is to provide for the public welfare by regulating (not prohibiting) some already lawful calling and only provides a penalty for refusing to comply with such regulations, and which penalty is enacted as a punishment for such refusal, we can discover no logical reason why a court in administering the laws of its jurisdiction would be powerless to prevent the doing of the prohibited act merely because a penalty (only nominal in this case) is attached for a refusal to comply with the regulation.’ ” (Quoting Kentucky State Bd. of Dental Examiners v. Payne, 213 Ky. 382, 388, 389.)
It is not dispositive of the immediate issues that the determinations in the Magistrates’ Courts were in some instances favorable to the defendant. There is adequate warrant in the present record to justify the injunction sought. The various signs and advertisements employed by the defendant in the court’s opinion clearly come within the category specifically defined as a “ loss-of-lease ” advertisement (see Administrative Code, § B32-205.0). The purchasing public is misled and deceived thereby, and the defendants’ advertisements affecting the public welfare must be subjected to certain restrictions as set forth in the concluding paragraph of the complaint. It is not the degree of truth or falsity of the particular sign or advertisement that is the over-riding concern herein; rather, it is the appraisal of the advertisements as a group in the light of the requirements of the statute and the conclusions that the public would gather therefrom to the extent that the defendant was conducting a final close-out sale.
The application is granted.