Kenneth S. MacAffer, J.
This is a motion by the plaintiff for an order pendente lite ‘ ‘ restraining the defendant Sam Bank from doing plumbing work within the City of Kingston and specifically in connection with the construction of the Mary’s Avenue School, and restraining the Board of Education of the City School District of the City of Kingston from contracting with or employing any person or firm not having a Certificate of Competency to do any plumbing work in any of the schools in the City of Kingston.” The motion was returnable at the above Special Term and was referred to me by the Justice presiding thereat. The defendant, Board of Education, has made a cross motion for an order dismissing the complaint.
It appears that the defendant Bank on December 7, 1961, was awarded by the defendant, Board of Education, the plumbing contract in the construction of Mary’s Avenue School in the City of Kingston. Thereafter the defendant Bank who resides in Ulster County but is not a resident of the City of Kingston applied to be examined by the Examining Board of Plumbers in said city that he might be granted a certificate of *177 competency as required by section 1 of the Plumbing Code of the city. The defendant Bank failed to pass such examination.
The construction of the school and the plumbing work is now proceeding.
The defendants contend that the construction of such school is governed by the provisions of sections 408 and 409 of the Education Law and that such sections place such school construction entirely within the jurisdiction of the Commissioner of Education and the local school boards and thereby beyond the licensing requirements of the City of Kingston with respect to the plumbing contract.
It is conceded that the plans and specifications were prepared in accordance with the provisions of sections 408 and 409 of the Education Law. It is contended and not denied that the architects engaged by the Board of Education of the City of Kingston have submitted to Charles J. Kelly, the Plumbing Inspector of the City of Kingston, the plans and specifications. It is also conceded without contradiction that the specifications provide that inspections of the work are to be made by the Plumbing Inspector of the City of Kingston as well as by the architects. Sections 40 through 57, both inclusive, of article 4 of the General City Law provide for the establishment in cities of an examining board of plumbers and prescribe the duties which the Plumbing Inspector shall perform, as well as the requirement for the licensing of plumbers working within a city. No contention is made with respect to the provisions of article 4 of the General City Law nor is any contention made with respect to the ordinance adopted by the City of Kingston known as the Plumbing Code.
There is no conflict therefore between the provisions of the applicable sections of the Education Law and the applicable provisions of the General City Law. The sole question for determination here is whether the defendant Bank, who is not licensed as a plumber in the City of Kingston, may engage in such work within the City of Kingston.
The defendant Bank is working under the plumbing contract in violation of said section 1 of the Plumbing Code. (Matter of Gilbert v. German, 183 Misc. 132.) He may be temporarily restrained from so doing without a showing of special damages or injury to the public. (City of Utica v. Ortner, 256 App. Div. 1039; City of New York v. Windsor Madison Corp., 14 Misc 2d 674; People ex rel. Bennell v. Latman, 277 N. Y. 368; Village of Old Westbury v. Hoblin, 141 N. Y. S. 2d 186.)
Under the circumstances presented here, it would seem that the defendant Bank is not qualified to engage in plumbing *178 work within the City of Kingston without a license pursuant to the provisions of the aforesaid ordinance of this city and that the plaintiff therefore is entitled to a temporary injunction restraining him from so proceeding.
The complaint does not state a cause of action against the defendant Board of Education. The complaint is dismissed as to the defendant Board of Education.
The motion for a temporary restraining order is granted, without costs as to the defendant Bank and denied, without costs as to the defendant Board of Education.