Gerard M. Weisberg, J.
The question presented is whether an advertised ‘ ‘ warehouse removal ’ ’ sale conducted from the premises of a large department store rather than at the premises of the warehouse is subject to the special sales licensing provisions of the New York City Administrative Code (§ B32-206.0 et seq.). The advertisement stated: “ The city of New York has purchased the warehouse we lease for furniture storage. It’s coming down to make room for new housing development and we must move our entire stock of furniture and bedding to new quarters. The less we have to move the better, so we’ve taken 20% to 50% from our regular prices for 1 day only. HUBBY IN AND SAVE.”
The statute involved is a pioneering consumer protection measure, enacted by the City of New York in 1959. Subsequently, it was adopted by other jurisdictions and in 1968 by the State of New York. (General Business Law, § 580 et seq.) Its purpose is to insure honest representations in connection with specified types of distress and terminal sales. (Matter of Windsor Madison Corp. v. O’Connell, 9 Misc 2d 1087.)
No such sale may be advertised unless the required license is obtained (Administrative Code, § B32-206.0). A detailed application is required (§ B32-207.0). The books, records, and inventory are subject to audit and examination by the representatives of the supervising agency prior and subsequent to the issuance of the license (§ B32-212.0). This is to insure that the merchandise which is the subject of the sale is of the quality regularly sold by the advertiser, that there has been no ‘ ‘ stocking up ” in anticipation of the sale, that the reasons given for the sale are true, and that the advertised savings are in fact given to purchasers.
The defendant contends that the sale was not subject to the statute because its declared purpose was not 1 ‘ anticipatory to *758 the termination, closing, liquidation, wind-up, discontinuance, removal, conclusion or abandonment of the business” of the store where the sale was held.
However, the violation alleged here is not that defendant advertised that the store itself was terminating its business, but that it was terminating its business at the warehouse involved. This falls clearly within the express wording of section B32-205.0 (subd. 1, par. a) which states that sales subject to licensing are those which are: ‘ ‘ Anticipatory to the termination, closing, liquidation, wind-up, discontinuance, removal, conclusion, or abandonment of the business, and advertised in the following phrases and in any other phrase or phrases of like or similar language which reasonably convey to the public that the salé is being conducted for such purpose: ‘ going out of business sale,’ ‘ trustee’s sale, ’ ‘ liquidation sale, ’ ‘executor’s sale,’ ‘ administrator’s sale,’ ‘ insolvent sale,’ ‘ mortgage sale,’ ‘ adjustor’s sale,’ ‘ receiver’s sale,’ ‘ loss of lease sale,’ ‘ forced out of business sale, ’ ‘ branch store discontinuance sale, ’; ‘ removal sale, ’ ‘ warehouse removal sale ’.”
People v. Litt-Chinitz (38 Misc 2d 864), relied on by defendant, deals with a different proposition. There the court sought to determine whether the phraseology of advertisements would reasonably convey to the public that the sales were being conducted for termination purposes.
In the case at bar there is no need to interpret the meaning of the advertisement. It uses the very words ‘ ‘ warehouse removal sale ’ ’ which are set forth in the statute. To acquit the defendant would, so far as these three words are concerned, repeal the statute.
The defendant is found guilty.