In the Matter of Pat Cestone et al., Doing Business as Cestone-Sammak Co., Appellants, against Charles F. Evans et al., Constituting the Town Board of the Town of Elmira, et al., Respondents.

Third Department, March 11, 1953.

*William H. Fitzgerald* for appellants.

*L. H. Teeter* for Town Board of the Town of Elmira, respondent.

*Gino J. Di Marco* for Di Marco & Ciccone, Inc., respondent.

IMRIE, J. This is an appeal from an order of Broome County Special Term denying the relief sought in a proceeding instituted under article 78 of the Civil Practice Act for an order directing the Elmira Town Board to award to petitioners a contract for constructing a sewer system and to abrogate the contract made with Di Marco and Ciccone, Inc.

The bidders involved here will be referred to, respectively, as Cestone and Di Marco.

In September, 1952, the Town of Elmira asked for sealed bids for the construction of a sewer system in sewer district No. 1. In the advertisement for bids it was stated that the work would be performed under two sections, section 1, sewers north of and including West Church Street, and section 2, sewers south of West Church Street and the pumping station. For the information of bidders it was stated, " Bidders may submit either a single proposal for both sections of the work or separate proposals for such section or sections as the bidder may select. Bidders submitting a single proposal for the entire project must use Bid Form and Schedule No. 3. Bidders submitting separate proposals for either or both sections must use the applicable Bid Form and Schedule No. 1 or No. 2."

The base bidding plan for section 1 contemplated the sewer laid under the sidewalk. However, provision was made in the plans and specifications for the alternative of laying it under the concrete curbing of the State highway. In referring to the alternate location, the contract documents state (Paragraph 8.01, page VIII-1), " This drawing also indicates an alternate location for certain sections of these sewers which may be selected by the owner, if in his opinion, construction conditions will be benefitted thereby. *Payment for constructing* the sections of *sewer at the alternate locations* shown shall be covered by the lump sum price in the schedule to be *added to* or *deducted from the total estimated bid.* This lump sum price shall *cover the reduction in sidewalk replacement,* the increase in gutter replacement, and all other changes in work, costs and expenses

arising from the relocation.'' (Emphasis supplied.) Spaces for entering the '' Lump sum addition to Total Estimated Bid * * * '' or the '' Lump sum deduction from Total Estimated Bid for Constructing * * * sewers at alternate location shown '' were provided at the end of the bidding schedules for section 1 and the combined bid.

The Cestone bid on section 1 was $389,416.45, plus a '' lump sum '' of $1,445 for the alternate route. Its bid on section 2 was $508,621.30. These bids totaled $899,642.75 plus $1,445 for the alternate route.

The Di Marco bid on section 1 was $388,359.40, with $30,000 added for the alternate. Its bid on section 2 was $445,985. However, as a single proposal for both sections, it bid $827,-945.25, with $30,000 to be added for the alternate route.

Bids were opened September 30th at a meeting of the board. The meeting was adjourned until October 7, 1952. At that time the town board eliminated the alternate route, found Di Marco to be the lowest base bidder, and awarded it the contract.

Di Marco was the lowest base (sewer under sidewalk) bidder on either section and on the combined work. Cestone was the lowest bidder on the section 1 alternative, though in no event on the combined sections. No combination of base bids was lower than Di Marco's.

The Cestone position that Di Marco's bid was illegal because it included all three schedules, that is, for section 1, for section 2 and for the two sections combined, is no more tenable than the claim that the bidding instructions and information in the contract documents were ambiguous and confusing. Di Marco put itself in a position to be considered on each of the two sections and on the whole job. If, by reason of the use of the word '' or '' rather than the word '' and '', such procedure was not strictly in accord with the bidding instructions, some portion of the bid schedules was mere surplusage.

At the meeting of October 7, 1952, one week after the various bids were opened, the suggestion was advanced in behalf of Cestone that it could demonstrate that it should have a credit of $14,685 on its bid for section 1 alternate, thereby reducing the amount bid to $376,681.45. Developing this theory it is argued that Cestone's bid for section 1 alternate was less than Di Marco's bid for base section 1 and it thereby became the duty of the board to adopt the alternate route, as the cheaper, declare Cestone the lowest bidder therefor, and award that firm the contract for that section.

The contract documents indicated clearly that the decision as to the base or alternate route for section 1 was to be made by the town board. No claim is made that the board acted in bad faith or practiced any fraud whatsoever. It had a clear right to reject all bids on the alternate route and to select the base route. Having done so, the only question remaining was " the single responsible bidder " or " the combination of separate responsible bidders, as determined by the Town Board of the Town of Elmira and the terms and conditions of these Contract Documents, whose total price for both sections of the work is the least amount."

The award to Di Marco was properly made. Moreover, the town board could not safely proceed on a theory such as that advanced by Cestone for the revamping of the bid. The board was bound by the formal bid of that firm.

The order appealed from should be affirmed, with costs to the respondents.

FOSTER, P. J., BERGAN, COON and HALPERN, JJ., concur.

Order affirmed, with $50 costs, to be divided equally between the respondents.