Bernard S. Meyer, J.
Petitioners, a taxpayer and an unsuccessful bidder, seek by this article 78 proceeding to annul the determination of respondent School Board pursuant to which the contract for electrical work in Schools No. 4 and No. 8 was awarded to respondent Kassay. The prayer of the petition is denied.
The specifications and advertisement for bids called for bids on additions to School No. 4, School No. 8 and the Junior High School and required that “ such bids or proposals shall be in the alternative; a separate bid or proposal for each addition and a separate bid or proposal on all three additions combined,” and the advertisement reserved 11 the right to waive any informality in or reject any or all bids, or accept the one that in its [the board’s] judgment will be for the best interest of the School District.” Petitioner Bana bid $22,750 on School No. 4, $39,750 on School No. 8, $124,000 on the Junior High School and $185,000 as a combined bid. Respondent Kassay bid $25,341 on School No. 4, $41,254 on School No. 8, $107,612 on the Junior High School and $173,000 as a combined 'bid. As it did with the general construction contract, the plumbing contract and the heating and ventilating contract, the board accepted the lowest combined bid. Petitioners contend that the board was required by law to award the contracts for Schools No. 4 and 8 to it as the lowest bidder, and by this proceeding seek to enforce (Civ. Prac. Act, *957 § 1296, subd. 1) the duty which they claim is enjoined upon the board by section 103- of the General Municipal Law.
Subdivision 1 of section 103 of the General Municipal Law requires that1 ‘ all contracts for public work involving an expenditure of more than twenty-five hundred dollars # * shall be awarded * * * to the lowest responsible bidder furnishing the required security after advertisement for sealed bids in the manner provided by this section.” Section 101 of the General Municipal Law requires that specifications be drawn to permit separate bidding on, and the award of contracts separately for (1) plumbing, (2) heating, ventilating and air conditioning, and (3) electric wiring and fixtures. No question is raised concerning the responsibility of either petitioner Bana or respondent Kassay. Clearly, also, Kassay was the lowest combined bidder and Bana the lowest bidder on the Schools No. 4 and No. 8 projects. The matter thus revolves around what the contract for public work is in the instant case.
Except where separate projects involve separate assessments for improvements (People ex rel. O’Reilly v. Common Council, 189 N. Y. 66) there is no legal impediment to the combination of two or more public works projects of the same municipality into one contract (Matter of Ingraham, 64 N. Y. 310). The express requirement of section 101 of the General Municipal Law that work be divided by type and- the absence of any definition in article 5-A of the General Municipal Law, of the term ‘ ‘ contracts for public work ’ ’ compels the conclusion that that article does not prohibit the combination of projects in one bid (see 14 Op. St. Comp., 1958, p. 410). Had the School District solicited only combined bids, it could, petitioners concede, legally award the contract to respondent Kassay. That the School District saw fit to defer the determination whether the contract should be awarded as a combined project or as separate projects until it had the opportunity to receive and weigh the respective bids did not denude it of its inherent discretion to determine the scope of the project. Competitive bidding was not stifled thereby, for bidders were clearly directed to submit separate and combined bids. The direction for combined bids and the reservation of' the right to accept that bid which in the board’s judgment was for the best interest of the School District was all the notice on that point that reason and logic require. • There is not the slightest indication in this case of favoritism, nor of any reason for acceptance of the combined bid other than as stated in the affidavit of the president of the School Board: “ the advantage of one contractor for each division of the work to secure a higher degree of uniformity, a maximum amount of control and super *958 vision, and the benefit to be derived from negotiating with one contractor for any prospective changes in plan that may arise during construction.” That was “ a reasonable and plausible basis for such determination.” (Matter of Kaelber v. Sahm, 281 App. Div. 980, affd. without opinion 305 1ST. Y. 858.) The rule is, as stated in Corpus Juris Secundum (vol. 63, Municipal Corporations, § 1005) that where the municipality’s “ officials advertised for combined and separate bids for two separate contracts, they axe at liberty to award the contracts together or separately as they determine in the exercise of sound business judgment and wise discretion.” (See, also, Ann. 123 A. L. E. 577, 578.)
It should be noted that the only difference between the situation here presented and the accepted practice of requiring that a bidder state a fixed sum as an addition or deduction for a specified construction alternate is the size and scope of the alternate. Yet in the absence of fraud or bad faith, the decision of the municipality concerning inclusion or exclusion of the alternate may not be upset (Matter of Cestone v. Evans, 281 App. Div. 359).
Since the petition is grounded solely on subdivision 1 of section 1296 of the Civil Practice Act, and respondent board was under no duty to award separate rather than combined contracts, the petition is insufficient and the objections in point of law must be sustained and the petition dismissed. It, therefore, becomes unnecessary to consider the status of the taxpayer petitioner. Short-form order signed.