Clabe J. Hoyt, J.
'Six central school districts acting under section 119-o (subd. 2, pars, d, e) of the General Municipal Law advertised for bids for the purchase by said districts of 36 school buses. The number of buses to be purchased by each district was indicated in the invitations to bid, which also provided for prices on six options or alternates for extra equipment that might be exercised by each of the districts. Each district reserved the right to accept any bid or to reject all bids and the notice to bidders stated “ this joint bidding serves merely to give bidders greater volume potential. ’ ’
Bids were submitted by the petitioner and two other corporations, one of whom was the International Harvester Company, hereinafter called International. Petitioner’s base bid for the chassis and body was $5.74 per bus lower than International’s. Including the six alternates or options with the base bid, petitioner’s bid was $137.17 higher per bus than the bid of International. Subsequent to the submission of the bids and on March 9,1964 one of the districts, respondent Central School District No. 1 of the Towns of Wappinger, etc., hereinafter called Wappinger, accepted the bid of International on its base bid and option No. 3 — bus body (backup lights), and option No. 2 — bus chassis (no spin rear axle), and determined it to be the low bidder. The base bid submitted by International and its bid for these two selected options was lower than petitioner’s corresponding bid. Respondent Wappinger contracted for the purchase of 20 of the 36 buses.
On June 1, 1964 petitioner proceeding by an order to show cause commenced this article 78 proceeding in the nature of mandamus to annul respondent Wappinger’s determination in awarding the contract to International and to seek an order directing the award of the contract to petitioner.
Prior to the return of the order to show cause herein another of the participating districts, Central School District No. 1 of the Towns of Hyde Park, etc., hereinafter called Hyde Park, procured an order to show cause returnable with petitioner’s *362 order to show cause for leave to intervene as a party respondent. Upon the return of these orders to show cause petitioner and Wappinger consented to the intervention of Hyde Park and an order was forthwith entered thereon and its answer interposed.
Although petitioner did not seek to extend the relief it sought which is directed to the contract awarded by respondent Wappinger, respondent Hyde Park awarded a contract to International for five .school buses upon which it exercised five of the options or alternates. International’s aggregate bids on the body and chassis (base bid) and the five alternates selected were lower than those of petitioner.
These facts, insofar as the Wappinger contract are concerned, are alleged in the petition and not denied by the answers. The only allegations that are in issue are the conelusory ones that respondents acted arbitrarily and illegally and that petitioner was the low bidder. Petitioner further alleged that it met or exceeded all specifications which allegation is denied by respondents. The determination of this issue is not necessary for the disposition of this application.
No allegations of fact are set forth in the petition or supporting papers to show that either of the respondents acted arbitrarily, capriciously or unreasonably in selecting or exercising the options or alternates upon which the bids were invited. Conelusory allegations not supported by facts need not be considered by the court. It is, thus, a question whether the respondents in exercising their option to select such alternates as they saw fit, there being no claim of fraud, caprice, unreasonableness or arbitrariness in making such selections, properly accepted the bid of International whose bid on the buses and options selected was the low bid.
Petitioner in a mandamus proceeding must show it has a clear legal right to the relief sought. Legal conclusions and bare allegations of wrongdoing are insufficient (Matter of 609 Holding Corp. v. Burke, 202 Misc. 709, affd. 281 App. Div. 678). In the award of public contracts by an administrative agency there is a presumption of validity and the petitioner to procure an order of mandamus must sustain the burden of pleading and proving arbitrariness and caprice on the part of the agency (Matter of Kayfield Constr. Corp. v. Morris, 15 A D 2d 373).
The respondents had the power to select such options as they saw fit, and the low bid was thus determined by tabulating the base bid and bids on the options selected as submitted by the petitioner and the other bidders. This procedure was approved in Matter of Premier Elec. Installation Co. v. Board of Educ. (20 Misc 2d 286, 287) where the court concluded: “When, on *363 tabulating the respective base and selected alternate bids, it developed that Pansco’s total bid was the lowest and they found Pansco a responsible bidder, the board was required by section 103 of the General Municipal Law to award the contract to Pansco.”
In Matter of Bona Elec. Corp. v. Board of Educ. (22 Misc 2d 956, 958), the court said: “ Yet in the absence of fraud or bad faith, the decision of the municipality concerning inclusion or exclusion of the alternate may not be upset (Matter of Cestone v. Evans, 281 App. Div. 359).”
In a case similar to the one at bar, Matter of Silberblatt, Inc., v. Phalen (41 Misc 2d 899), involving the submission of base bids and bids on 26 alternates, the petitioner therein was the low base bidder but on the basis of the alternates selected was not the low bidder on the aggregate of the base bid and the bids on the selected alternates. In dismissing the petition the court said at page 903: ‘ ‘ Having been unsuccessful in its attempt to submit the over-all low bid, petitioner now states that if the alternates had been selected in a different manner, it (petitioner) would have been the lowest bidder. The difficulty with this position is that the selection of alternates was a matter entirely within the province and authority of the Fund as conferred by law. It is neither alleged nor has there been any showing that the Fund failed to discharge their legal duty or responsibility, nor has it been alleged or demonstrated that the Fund acted illegally, fraudulently, collusively, corruptly or in bad faith.”
The petition is thus denied and the proceeding dismissed. Settle judgment.