Clare J. Hoyt, J.
Petitioner seeks peremptory relief in the nature of mandamus against the respondent town and its Highway Superintendent for the removal of a barrier that is located at the southerly terminus of the street and along the northerly bounds of petitioner’s property.
This street was dedicated and accepted as such in 1940, has been posted as a dead-end street, and until 1965 ended and was blocked by a stone wall that marked the northerly boundary of petitioner’s property. In 1964 the land lying south of this wall was annexed by the Village of Wappingers Falls and thereupon the wall became the boundary line between the respondent town and the village. In 1965 petitioner and its associated corporations began construction of a high-rise apartment on the site recently annexed to the village and removed that portion of the stone wall which served as a barrier to the road, so that the road could be used for access to the building site by trucks and other vehicles. Complaints from residents along the road prompted the respondent town to erect an earthen barrier where the stone wall had been. This was replaced by the permanent barrier which petitioner now seeks to have removed. Petitioner protested on each occasion and demanded the removal of the barrier. Over four months after the last refusal this proceeding was commenced.
The respondents’ answer contains two affirmative defenses that entitled them to judgment. Petitioner’s reply to this answer is largely augmentative and conclusory and does not *76 controvert the defenses set forth in the answer so as to require a hearing.
The first defense is that with the closing* of the street to petitioner, it still has a suitable alternative means of access to the property. In a conflict between the local government’s right to control and regulate its public highways and right of an abutting property owner to have access to public highways, the public use is the predominating right (Cities Serv. Oil Co. v. City of New York, 5 N Y 2d 110). This right predominates, however, only when there is still a reasonable and suitable means of access to some other public highway. Matter of Smith v. Gagliardi (2 Misc 2d 1005, 1007) states the rule: “ The rule, to which the courts of this State are committed, is that, where private property has means of access by way of two public streets or highways, the State or local authorities, having-jurisdiction, may close or do away with one of them without compensation to the landowner provided the other furnishes him with suitable means of access to his property.”
To be sure, by reason of further subdivisions by the petitioner’s grantor the plot owned by petitioner does not immediately abut the public road that is open. But a right of way over the grantor’s property to meet this road was conveyed with title to petitioner’s plot and the grantor’s parcel has been so developed that there is no doubt that petitioner will have suitable access to the open road. This satisfies the rule.
Petitioner has not sustained the burden imposed upon it in a mandamus proceeding Avhich must shoAV it to have a clear legal right to the relief sought (Matter of Gallagher GMC Sales Corp. v. Central School Dist. No. 1, 43 Misc 2d 360).
In addition, petitioner’s challenge to respondents’ actions comes more than four months after demand and refusal to perform the duty allegedly enjoined by law. Thus the limitations of CPLR 217 bar this proceeding.