■ In the Matter of CLAIRE THOMPSON, Respondent, v. STANLEY THOMPSON, Appellant.— Order of the Family Court, Kings County, dated March 20, 1968, sentencing appellant to jail for a term of 60 days for violation of a prior protective order, modified, on the law and the facts, by reducing the sentence to 10 days, with execution suspended. As so modified, order affirmed, without costs. In our opinion, the sentence was excessive to the extent indicated. Christ, Acting P. J., Rabin, Benjamin, Munder and Martuscello, JJ., concur.

■ In the Matter of VILLAGE OF UPPER NYACK, Respondent, v. VILLAGE OF NYACK, Appellant.— In a condemnation proceeding by the Village of Upper Nyack to acquire a water distribution system owned by the Village of Nyack but located entirely within the boundaries of the petitioning Village, the Village of Nyack appeals from a judgment of the Supreme Court, Rockland County, dated June 19, 1967, which adjudged that the Village of Upper Nyack is entitled to take the property for the use specified. Judgment affirmed, without costs. We agree that the Village of Upper Nyack is entitled to judgment adjudging that the property in question is necessary for the public use. However, in making such determination we in no way pass upon the validity of the proposed sale of the condemned property by that Village to the Spring Valley Water Company. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

■ In the Matter of WAPPINGER APARTMENTS SECOND CORP., Appellant, v. TOWN OF WAPPINGER et al., Respondents.— Judgment of the Supreme Court, Rockland County, dated August 21, 1967, affirmed, without costs. In our opinion, petitioner has not sustained its burden of showing a clear legal right to the relief requested. While we have treated petitioner's affidavit as a reply to respondent's affirmative defenses, we hold that no issues of fact exist requiring a trial. We find that there is a reasonably suitable alternative access from petitioner's property to the public highways (cf. *Matter of Syosset Ind. Bldrs.* v. *Town of Oyster Bay Highway Dept.*, 24 A D 2d 763). We are further of the opinion that on this record the proceeding is not barred by the provisions of CPLR 217. Since the respondents have not alleged the specific dates of their refusals to comply with petitioner's demands, the elapsed period between the refusals and the institution of this proceeding cannot be measured (see *Matter of O'Buck* v. *City of Yonkers*, 2 A D 2d 775). Beldock, P. J., Christ, Rabin, Munder and Martuscello, JJ., concur. [55 Misc 2d 75.]

■ JULIA JACOBOWITZ, Doing Business as ASSOCIATED KNITTING MILLS, Respondent, v. DONNKENNY, INC., Appellant.— Judgment of the Supreme Court, Kings County, entered November 24, 1967, affirmed, with costs. In our opinion, the judgment does not grant plaintiff the right to keep the fabric in question upon payment of the judgment by defendant. In all events, defendant is entitled, upon payment of the judgment, either to the fabric in plaintiff's possession or to be credited with the proceeds of any sale made by plaintiff (Uniform Commercial Code, § 2-709, subd. [2]). Beldock, P. J., Christ, Brennan, Hopkins and Benjamin, JJ., concur.