George L. Cobb, J.
In this article 78 proceeding, an unsuccessful bidder for a public contract attacks the award of the bid to another.
Petitioner’s base bid to perform certain alterations at Auburn Correctional Facility was $54,545 and the bid specified that, if the work described in "Alternate 1” was omitted, there might be subtracted from the base bid the sum of $4,546 for a net bid of $49,999. The respondent Dominick Dan Alonzo, Inc., submitted a base bid of $53,890 with the stipulation that, if the said alternate work was deleted, there might be deducted therefrom the sum of $3,200 for a net hid of $50,690. Having determined that the "Alternate 1” work should not be deleted from the contract, the low base bid of the respondent Dominick Dan Alonzo, Inc., in the sum of $53,890 was accepted and this proceeding was then instituted.
*874 The petitioner essentially concedes that the respondent State officials had the power to determine the low bid upon the basis of the options they selected (see Matter of Gallagher GMC Sales Corp. v Central School Dist., 43 Misc 2d 360), but argues that, since separate specifications had not been prepared for the subdivisions of work described in section 135 of the State Finance Law, the respondent State officials could not properly accept a single bid for performing all the work for a sum in excess of $50,000. Accordingly, petitioner says that the only bid which the said officials could properly have accepted was its "low net” bid of $49,999.
Section 135 of the State Finance Law says, in part, that the officials "charged with the duty of * * * awarding or entering into contracts for [construction work on State buildings] * * * when the entire cost of such work shall exceed fifty thousand dollars, must have prepared separate specifications for each of the following three subdivisions of the work to be performed:
"1. Plumbing and gas fitting.
"2. Steam heating, hot water heating, ventilating and air conditioning apparatus.
"3. Electric wiring and standard illuminating fixtures.”
The said statute says further that all contracts for such work shall award "the three subdivisions of the above specified work separately to responsible and reliable persons * * * engaged in these classes of work”.
The papers before the court indicate that, in the absence of any judicial construction of the language of the aforesaid statute, the persons affected by it have construed it over the years so as to authorize the award of a single bid for an entire project for a sum in excess of $50,000 whenever no separate specifications had been prepared because a bona fide estimate of the probable cost had indicated that the cost would fall below that figure. Under these circumstances, this court may adopt that administrative interpretation of the statute (Matter of Lockport Union-Sun & Journal v Preisch, 8 NY2d 54, 58; Matter of City of New York [Willard Parker Hosp.], 217 NY 1). Furthermore, the construction of the statute which is urged upon the court by the petitioner would, in some instances, cause inconvenience and hardship and when a statute may be interpreted in two different ways, the rational sensible and practical construction of that statute is to be preferred to the one which is unreasonable, absurd or impracticable (Pub- *875 lie Serv. Comm. v New York Cent. R. R. Co., 193 App Div 615, 618, affd 230 NY 149).
It follows that the petition should be, and it will be, dismissed.