OPINION OF THE COURT
Richard F. Kuhnen, J.
Respondent moves to dismiss the petition in this article 78 proceeding on the ground that it is barred by the four-month Statute of Limitations in CPLR 217. The petition seeks to compel respondent to maintain Baker Road in the Town of Franklin, Delaware County, New York, as a town highway, as provided by the Highway Law.
The answer denies that Baker Road “is or ever has been a Town Highway within the meaning of the Highway Law of the State of New York”. It also sets up as an affirmative *923 defense that the “proceeding is barred by the statute of limitations imposed by CPLR 217 in that it was commenced more than four (4) months after Respondent rejected Petitioners’ demand that the Town of Franklin work and maintain the so-called Baker Road”.
Counsel for petitioners argues that (the motion should be denied as not timely made, citing CPLR 7804 (subd [f]) that the “respondent may raise an objection in point of law by setting it forth in his answer or by a motion to dismiss the petition, made upon notice within the time allowed for answer”. Counsel reads this provision as requiring the motion to be made “within the time allowed for answer” even if an answer is in fact served, otherwise the motion must await determination at the trial. We do not so interpret the language, but rather that such a motion may be made in lieu of answer and thereby extends the time for answer (CPLR 3211, subd [f]). If the answer fails to raise the defense, the CPLR 3211 motion is no longer available (Burns v Binghamton Housing Auth., 36 AD2d 1004). However, if the defense is raised in the answer, as here, a motion for summary judgment is available under CPLR 3212 (Matter of Lascaris v Price, 94 Misc 2d 979). “The court need only treat the motion as one for summary judgment, a power expressly conferred on it by CPLR 3211(c)” (Siegel, Practice Commentaries, McKinney’s Cons Laws of NY, Book 11B, CPLR, C3211:52). It is expressly provided that a motion under CPLR 3212 may be made “after issue has been joined”. The court accordingly holds that the motion is timely and is considered as made under CPLR 3212.
CPLR 217 provides that “a proceeding against a body or officer must be commenced within four months * * * after the respondent’s refusal * * * to perform its duty”. The moving papers show a demand for maintenance of Baker Road was made to the town board by letter on June 29,1977, by petitioner Jeffrey Copelan’s attorney, and was rejected by letter from the town’s attorneys on August 11, 1977. An affidavit submitted by the Supervisor of the Town of Franklin shows that demands of petitioners Jeffrey Copelan, Walter J. Everett and Russell A. Langloh were also rejected by the town board after meetings with them in 1976 and 1977.
*924 For reasons which we will point out the court holds that it is unnecessary to decide whether these demands upon the town board and the refusals were properly made and whether they were binding upon the wives of the petitioners named and upon petitioner Michael W. Beers, an owner of property on Baker Road who made no demand except by joining in the petition. In his case the petition and answer may be treated as a demand and refusal (Matter of Moskowitz v La Guardia, 183 Misc 33).
The duty to maintain a town road is a continuing duty (Highway Law, § 140) unless the road is abandoned for nonuse for six years and a consent to abandonment filed by the town board (Highway Law, § 205) which did not occur here.
In Matter of Donnellan v O’Dwyer (189 Misc 121) the duty of the Board of Estimate of the City of New York to include in the budget petitioners’ salaries was held to be a continuing duty and the four-month Statute of Limitations and the doctrine of loches inapplicable to a proceeding to enforce it. Respondent attempts to distinguish this decision and the decisions cited therein as limited to situations involving payment of salaries prescribed by law. We do not perceive any such distinction. Compare Matter of Cash v Bates (301 NY 258) involving failure to comply with State constitutional civil service preference for veterans, where the court held the Statute of Limitations inapplicable to the continuing duty. Insofar as the decision in Matter of Wappinger Apts. Second Corp. v Town of Wappinger (55 Misc 2d 75, affd 30 AD2d 811) is contrary we decline to follow it. The affirmance in that case did not rest upon the Statute of Limitations which it held inapplicable on the facts.
If Baker Road is a town road the town cannot avoid its duty to maintain it unless it takes the proper steps to abandon or discontinue it under the Highway Law. To sustain respondent’s position would be to hold that the town may indirectly accomplish the same purpose by refusing upon demand to perform its statutory duty of maintenance unless legal action is brought within four months thereafter. If Baker Road is a town road, even abandonment would *925 afford a year for legal challenge (Highway Law, § 205, subd 2).
The court therefore holds that the motion to dismiss, treated as a motion for summary judgment, is timely brought and is denied. The status of Baker Road as a town highway must therefore await trial.