D. Ormonde Ritchie, J.
This action was tried by the court after all parties had waived a jury. The plaintiff, Union Free School District No. 1, Town of Islip, Suffolk County, New York, seeks a judgment of forfeiture of the amount of a bid bond equalling 10% of the proposal price submitted by the defendant, D. E. Electric Company, for the performance of electrical work required for alterations and additions to buildings maintained by plaintiff. The defendant, Seaboard Surety Company, is the surety on the bond submitted by the defendant, D. E. Electric Company, with the bid. For the purpose of brevity, the plaintiff *316 Union Free School District will be referred to as “ the school district ”, the defendant D. E. Electric Company as “ the contractor ” and the defendant Surety Company as “ the surety
On June 1 and 8, 1953, plaintiff school district published a notice to bidders for the performance of certain work in connection with contemplated alterations and additions to buildings maintained by plaintiff in its school district. On June 23, 1953, defendant contractor submitted a proposal to enter a contract for the electrical work on said buildings for a contract price of $99,500. Accompanying the proposal was a bid bond in the sum of $10,000, representing an amount slightly in excess of the required 10% of the bid and executed by the defendant surety company as guarantor. The bid was submitted to plaintiff school district by an employee of the contractor on the 23rd of June, 1953. Upon the opening of the bids it was revealed that the proposed price for the electrical work submitted by defendant contractor was in the amount of $99,500. Next lowest bidder submitted a contract price of $150,222 and the four highest bids submitted by other contractors for performance of the work ranged between $157,000 and $216,904. On June 23 a partner in the firm of defendant contractor learned of the discrepancy in the bids for the electrical work. On June 25 that partner telephoned the office of Eggers and Higgins, the architects employed by plaintiff school district for the preparation of plans and specifications for the proposed alterations and additions to plaintiff’s buildings. On that date one of the partners in the firm of defendant contractor stated to one Mr. Clark, associated with the architectural firm, that a mistake in the proposal price had been made by the contractor. Subsequently and in July meetings were had between representatives of the defendant contractor, the plaintiff school district and the architectural firm employed by plaintiff at which were discussed proposals to relax certain requirements of the electrical contract designed to lower the cost of performance of the contract and to minimize the loss to the contractor resulting from the mistake in computing the bid. Credible evidence was adduced by the defendant contractor to establish that the error in the bid price resulted from transportation of the number of man hours estimated for the work, 10,100 to the dollars column of the bid without a multiplication thereof by rate of pay and other increases attendant upon salaries. It was further established by credible evidence that the prescribed rate of pay of electricians at the time of computation of the proposal was $3.30 per hour. In addition fringe benefits and social security deductions should have been added to the rate of pay. The proof therefore established that the labor costs would be in the mini *317 mum of $33,330 upon an estimation of 10,100 man hours of labor. Work sheets prepared by the contractor’s estimating engineer proved that the cost of labor was transposed to the dollar column at $10,100 or the total number of man hours estimated for performance of the contract rather than the actual cost of labor required therefor. The court is convinced that a mistake was made in transposition.
Defendant contractor’s bid was accepted by plaintiff on July 1, 1953. Although notice of the mistake in computation of the bid was not formally brought to the school district’s attention until after its acceptance, it was brought to the attention of plaintiff’s architects prior thereto and on July 10,1953, by a letter addressed to plaintiff school district in which defendant contractor formally requested that it be permitted to withdraw its bid.
It must be determined then whether the consequences of such a mistake must be borne by the contractor and result in forfeiture of the 10% of the proposal price secured by the bond posted with the bid.
The mistake was unilateral. Belief from unilateral mistake is permitted where such mistake is apparent, notification thereof is transmitted upon ascertainment, rescission is promptly requested, relief is diligently sought and its granting will not inequitably change the status quo of the parties.
In the instant action, the court does not feel that the school board acted entirely fairly with defendant contractors. While it is true that the bid was accepted before a formal request for its rescission was made, the instructions to bidders in section LB-04 provided as follows: “ The checks or bid bonds of all except the three lowest formal bidders will be returned within three days after the opening of bids and the remaining checks or bid bonds will be returned when the contract is executed, or in any event within 45 days after the opening of bids.” The court interprets the purport of this provision to permit the board to keep open the board’s right to accept either of the next higher bids in the event the lowest bidder defaulted in executing the contract or for some reason, perhaps excusable, found performance impossible. Under such latter circumstances the board would not be bound to let the contract to the lowest bidder nor to readvertise for bids. It could award the contract to the next lowest bidder since under the provisions of the form of proposal a right was reserved to the school district to accept any bid within 45 days after the date fixed for the opening of the bids.
The defendants’ explanation of the mistake is credible. Notification thereof was transmitted to plaintiff within a reasonable time after discovery. Plaintiff was in a position to relieve the *318 defendant without change in plaintiff’s position other than the advantage in contract price to be gained through the mistake in defendant’s bid. The mistake of defendant, while unfortunate, is understandable and explanatory and no charge of fraud or gross neglect resulting in damage to plaintiff has been established. Under such circumstances equity is permitted to relieve a party of its mistake and such a relief is warranted on the facts herein established. The complaint is dismissed and judgment is granted in favor of the defendant contractor on the counterclaim for rescission of the bid without costs.
The foregoing constitutes the decision of the court in accordance with the provisions of section 440 of the Civil Practice Act.