Fred J. Munder, J.
The petitioner (herein called Premier), in this article 78 proceeding against a Board of Education and the successful bidder (herein called Pansco) on a contract for electrical work in a new school, claims to have been the low bidder and it seeks a review of the board’s action in awarding the contract to Pansco.
Interestingly both Premier and Pansco submitted identical base bids of $309,000. In addition to the base bid here were 22 alternates to be bid upon. On one alternate (No. 15) Pansco, by unilateral error, bid a deduction of $2,900 instead of an addition of $2,900. The error was discovered on June 30, 1959 on the public opening of the bids but Pansco neither then nor thereafter sought to correct or amend his bid. On the contrary he agreed to be bound by the error.
The board awarded the contract on July 21, 1959, having by that time determined to take certain of the alternates, including No. 15. On the basis of its bid as submitted, Pansco was the low bidder by $2,911.
Petitioner argues that because Pansco had the right to correct the error, which was obvious to all (citing Union Free School *287 Dist. No. 1, Town of Islip, v. Gumbs, 20 Misc 2d 315) Ms failure to do so amounted to an amendment to Ms bid which would defeat the purpose of the sealed bid requirement.
In the Gumbs case {supra) the court decided on all the facts adduced on the trial that it would be unjust to hold the bidder to a bid of $99,500 when the next lowest bid was $150,222 and other bids ranged up to $216,000 and the lowest was grossly so because of a unilateral error. The court found no fraud or fraudulent intent, an honest mistake and diligence in seeking rescission on the part of the bidder, and further said “ the court does not feel that the School Board acted entirely fairly with defendant contractors ” (p. 317).
That was a considerably different situation from the one presented here. Here with knowledge of its mistake the bidder chose to stand by it. That is neither an amendment nor a correction of a bid. We are not concerned with what might have happened had Pansco sought to correct the obvious error. It having elected to be bound by the bid, whether affirmatively or by taking no action to correct or withdraw the bid, the board had no alternative but to consider it. Here it is interesting to note that until the board finally selected the alternates, which was when it awarded the contract, Pansco had no way of knowing which would be selected and whether or not its error had any significance as to the total bid.
When, on tabulating the respective base and selected alternate bids, it developed that Pansco’s total bid was the lowest and they found Pansco a responsible bidder, the board was required by section 103 of the General Municipal Law to award the contract to Pansco.
The petition is therefore dismissed.
Submit order.