■ TOWN OF POUGHKEEPSIE, Respondent, v. HOPPER PLUMBING AND HEATING CORPORATION et al., Appellants.— In an action by the Town of Poughkeepsie: (1) to permanently enjoin the defendant Hopper Plumbing and Heating Corporation from performing plumbing work within the town (and specifically in connection with the construction of the Hagantown Elementary School and the Sheafe Road School, under its contracts with the defendant school districts), on the grounds: (a) that said defendant Hopper failed to obtain a plumbing permit; (b) that it has no certificate of competency for the performance of said plumbing work; and (c) that it does not have in its employ a licensed master plumber and a responsible official licensed pursuant to the town's plumbing code and ordinance; and (2) to restrain the said defendant School Districts from contracting with or employing any person or firm not having such permit, certificate of competency or a licensed master plumber in its employ, the said three defendants (Hopper and the two school districts — the notice of appeal of the latter having been inadvertently omitted from the record) appeal from so much of an order of the Supreme Court, Dutchess County, entered March 3, 1965 upon reargument, as: (a) temporarily enjoined the defendant Hopper from doing any plumbing work within the Town of Poughkeepsie pending the trial of the action; (b) set the matter down for trial peremptorily; and (c) directed that, pursuant to statute (CPLR

6312), plaintiff be liable to said defendant for damages in an amount not exceeding $1,000. Order, insofar as appealed from, affirmed, without costs. By our affirmance of the order, however, we have not reached and do not pass: (a) upon the validity or constitutionality of the challenged provisions of the town's plumbing code and ordinance; or (b) upon the merits of the action. All of the issues of law and fact are reserved for determination by the trial court upon the basis of the proof to be adduced. We now hold only: (1) that on its face the complaint is prima facie sufficient to state a cause of action; and (2) that under all the circumstances disclosed by this record the Special Term did not improvidently exercise its discretion in granting the injunction *pendente lite.* Since the motion here was solely one for an injunction *pendente lite* and was made even before answer, and since such motion did not have any connection with CPLR 3211, we believe there is no sound basis to reach out and to invoke the provisions of that rule, as the minority suggests, in order to grant a summary judgment. Moreover, on this motion the basic issues were not submitted to the Special Term, or even to this court, for determination on any agreed or conceded statement of facts. Indeed, as we read the three briefs of the three respective parties to this appeal, some if not all, of the material facts are disputed by one or more of the parties. Beldock, P. J., Brennan and Rabin, JJ., concur; Hill and Hopkins, JJ., dissent and vote to reverse the order, to deny plaintiff's motion for a temporary injunction and to dismiss the complaint, with the following memorandum: The briefs of the parties state that the material facts are not disputed. A trial is accordingly not required, since there are no issues of fact. In our view, the issues of law remaining should be determined upon the facts thus conceded (CPLR 3211, subd. [a], par. 7; subd. [c]; cf. 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3211.50, pp. 32–106, 32–107). Especially should this disposition be made here in the light of the emergent circumstances surrounding the restraint of the erection of a school building which is nearly completed. It is undisputed that the defendant plumbing contractor (Hopper) is unlicensed under the plaintiff town's plumbing code; that it has entered into contracts with the defendant school districts for the performance of plumbing work in school buildings to be erected under architect's plans and specifications approved by the Commissioner of Education and the State Department of Health; and that one of the contracts has been partially fulfilled. Nor is it disputed that the town has insisted upon the right to examine and approve the plans and specifications, to inspect the work, and to examine and license the defendant plumbing contractor before any work is commenced. We think that the town may not assert such rights either against the school districts or the plumbing contractor. A school district is a governmental agency of the State, which has surrendered " to the board a portion of its [the State's] sovereign power and delegated to it [the school district] a duty imposed upon the State by the Constitution (Art. IX, § 1) " (*Herman* v. *Board of Educ.,* 234 N. Y. 196, 201; cf. *Matter of Hirshfield* v. *Cook,* 227 N. Y. 297, 301; *Matter of Divisich* v. *Marshall,* 281 N. Y. 170, 173). Thus, the defendant school districts have " the responsibility of furnishing an efficient system of public education * * * and in this respect they are not subject to or controlled by the city authorities " (*Matter of Fuhrmann* v. *Graves,* 235 N. Y. 77, 82). That responsibility includes the duty to select sites for school buildings and to construct buildings thereon (Education Law, §§ 401, 407, 408), subject to the supervisory power of the Commissioner of Education. As a depository of the sovereign power of the State, a school district is immune from the regulation of municipal zoning ordinances (*Union Free School Dist. No. 14 of Town of Hempstead* v. *Village of Hewlett Bay Park,* 279 App.

Div. 618; cf. *Matter of Diocese of Rochester* v. *Planning Bd.*, 1 N Y 2d 508, 522; *Nehrbas* v. *Incorporated Vil. of Lloyd Harbor*, 2 N Y 2d 190). We see no basic difference between an attempted regulation through a zoning ordinance and an attempted regulation through a building code or a plumbing code. Indeed, we think that this case is controlled by the recent decision of this court in *County of Westchester* v. *Village of Mamaroneck* (22 A D 2d 143, 146–149). There, this court reviewed the rulings of the New York State Comptroller and the rulings in other foreign States to the effect that school buildings were exempt from the operation of municipal building codes, and found such rulings to be persuasive authority for the immunity of a county (in constructing a sewer plant) from the supervisory and licensing power of a village building code and local law. Precisely for the same reasons we think that the defendant plumbing contractor is free from the licensing requirements of plaintiff's plumbing code. The defendant school districts are commanded by statute to advertise for bids for plumbing work and to award the contract to the lowest responsible bidder (General Municipal Law, § 100, subd. 1; §§ 100-a, 101, 103). This command was followed by the award of the contract to the defendant plumbing contractor. Obviously, if the plumbing code's requirement for the licensing of the plumbing contractor were to be enforced here, the frustration of the governmental power delegated to the school districts is as potentially successful as would be the enforcement of the municipal building code against the school district itself. If there is conflict between the delegation by the State to one agency of its duty and function to provide education to its people and the delegation by the State to another agency of its duty and function to supervise and control the construction of buildings by safe and hygienic methods, we should reconcile the conflict by determining whether, on balance, the exercise by one agency of its power without the regulation of the other agency will result in any palpable danger to the public. Here the danger of public harm from the violation of safety or health standards in the erection of school buildings free from the local ordinances, in the light of the restrictions and safeguards of the Education Law and General Municipal Law, is slight as compared to the more damaging frustration of the educational mandate through local delays and interference. In our opinion, therefore, the order below should be reversed, the motion for a temporary injunction denied, and the complaint dismissed for failure to state a cause of action. (For opinion at Special Term, see 45 Misc 2d 23.)