Richard J. Cardamons, J.
This is an article 78 proceeding instituted by petitioners Anthony Fonseca and William S’Doia, doing business as S. & D. Construction Company, against the Board of Education of the Rome City School District and B. S. McCarey Company, Inc., respondents.
The respondent Board of Education of Rome awarded the general contract for the construction of a 29-room elementary school in the City of Rome in August, 1968. Petitioners contend that their hid, submitted on August 1, 1968 in the amount of $968,000, was the lowest bid submitted. On August 8, 1968 the respondent. Boar^ of Education of Rome awarded the contract for the general construction of the school to B. S. McCarey Company, Inc., the other respondent herein.
*224 Petitioners state in their moving papers that the base bid of McCarey was $970,937 and that the award to McCarey was a violation of section 103 of the General Municipal Law which mandates the contract be awarded to the lowest responsible bidder. The petitioners claim that: (1) the only justification for the award to respondent McCarey was on the basis of including the amount of a deductible item dealing with the facing for the said .school; (2) the respondent board had no authority to exercise any option as to alternates; (3) if the said respondent chose to consider “ alternates ” the same should have been selected in numerical order, as indicated in the specifications for the project; (4) prior deductible “ alternates ” were by-passed by the board in order to find and reach an item wherein the net bid of respondent McCarey became lower than the comparable net bid of petitioners; (5) eight items of alternate deductions were passed over to arrive at an “alternate” regarding the facing of the new school to provide a net bid lower for McCarey; (6) such action on the part of the said School Board was arbitrary and capricious and outside the scope of their discretion; and, finally, (7) petitioners ask that the contract as awarded be set aside and that the Board of Education of the Rome School District be directed to award the contract for the construction of this elementary school to the petitioners.
The respondent board in its answering affidavit states the specifications provided in section 5-01, subdivision 2 (p. 68) “ that the base bid price shall provide panels known as ‘ Ace Colorlith ’ manufactured by Johns Manville Company. Optional alternate bids on competitive products will be given full consideration providing such alternate prices include all necessary work to adapt the structure to the product and quality and appearance are comparable in all possible respects ”. The petitioners offered to supply and install facing panels of “ Aggregate Surface manufactured by Aggregate Surface Corp. of AM. in place of the base product ” with no change in price. McCarey offered to supply and install facing panels of “ transite with epoxy manufactured by Dick Tile & Marble Co.” in place of the base product and deducted the sum of $10,100. Respondent states that its architect determined that the standard of quality of the substitute item proposed by McCarey was equivalent to Ace Colorlith. An affidavit of the architect is submitted to confirm this. Including this substitute item, the contract bid submitted by McCarey was $960,837. The petitioners’ bid was $968,000 and, accordingly, a contract was awarded to the lowest bidder.
*225 In the specifications for the job, under paragraph 12, entitled, ‘ ‘ Information for Bidder”, page 3, it states that if the bid exceeds the amount available the owner may at his option reject all the bids or may award the contract on the base bid combined with such deductible alternates applied in numerical order in which they are listed in the form of bid as produces a net amount which is within the available funds. This was the case here since the amount of the bids did not exceed the amount available to the owner. Where the lowest base bid submitted does not exceed the amount of the funds estimated by the owner as available, the contract is to be awarded on the base bid only, which is the case here. Under the scope of work and supplementary general conditions, 1-18, page 10, it provides in paragraph 2 that if alternates are included in the bidding and accepted, the award is to be made to the lowest responsible bidder on the basis of his base bid and accepted alternates. Under award of contract, it states that it shall be made to the lowest responsible bidder under base bid items specified, to the lowest responsible bidder under equivalent bid items specified, or whichever is the lowest. The acceptable standard of quality of all equivalent items to be determined by the architect.
Both respondents contend that the McCarey bid was an offer to construct the elementary school as provided for by the specifications without any deductible alternates, that since all the bids were less than the amount of money available to the owners for this school construction project there was no need to construct the building by use of certain alternates which would have reduced the over-all cost of the project. Respondents contend that since the base bid was within the amount available to the owners, all the contractors agreed to build the building as called for in the specifications without eliminating any facilities. The alternates listed on the information to bidders are substitutes of equivalent materials which do not result in any cut-back in the building project but are merely the substitution of one product for another, providing that the architect determines that the substitution is equivalent in quality.
Section 103 of the General Municipal Law provides that a contract for the construction of public work such as this elementary school be awarded to the lowest responsible bidder after advertisement for sealed bids. This statute was enacted to protect municipalities and its taxpayers and not for the benefit of the bidders. (Matter of Allen v. Eberling, 24 A D 2d 594 [2d Dept., 1965].)
The question raised by petitioners is that the winning contractor, McCarey, on page 2 of its proposal, inserted the words *226 “no price on Colorlith. Substitute Rossmar facing panels ”. Petitioners themselves made no such insertion. On the third page of the bid proposal, McCarey Corporation, under Item No. 4, No. 1, inserted “ transite with epoxy manufactured by Dick Tile and Marble Company ’ ’ and deducted the sum of $10,100. Petitioners, at the same place in their bid proposal, inserted the words ‘ ‘ Aggregate Surface manufactured by Aggregate Surface Corporation of AM — no change in price.”
The respondent board had the power, as clearly set forth in the specifications made available to the bidders, to tabulate the base bid and substitute alternates which are equivalent, at their own option. This procedure as followed by respondent has been approved. (Matter of Gallagher GMG Sales Corp. v. Central School Dist. No. 1 of the Towns of Wappinger et al., 43 Misc 2d 360, 362 [Sup. Ct., Dutchess County, 1964]; Matter of S.S. Silberblatt, Inc. v. Phalen, 41 Misc 2d 899 [Sup. Ct., Albany County, 1964]; Matter of Premier Elec. Installation Co. v. Board of Educ., 20 Misc 2d 286 [Sup. Ct., Suffolk County, 1959].) Further, specifications that do not provide for equivalencies exclude full competition and where specifications are drawn in that fashion such are defective and do not comply with the requirements of section 103 of General Municipal Law. (Matter of Appeal of Coach and Equipment Sales Corp. 75 N. Y. St. Dept. Rep. [Educ.] 94 [1954].) In reviewing the propriety of considering alternates, so long as the municipality is entrusted with the power of awarding the contract to the person making the most favorable proposal, the presumption of official integrity will attach to the action of that body and something more is necessary to impugn their award than mere proof that there was a lower bid (not including alternates) than the one accepted (Silberblatt, supra, pp. 904-905) (citations omitted). Consequently, the method used by the respondent board to arrive at the lowest bid was proper under the circumstances here and it could not be construed to be arbitrary or capricious.
Petitioners also state that the board minutes of the respondent school board do not reveal that the architect advised the board that the material supplied and furnished for the facing panels of the school was “ equivalent ” to Ace Colorlith. Nevertheless, in paragraph 9 of his affidavit, the architect states “ the contract for the general construction of the elementary school in question was awarded to B. S. McCarey Company, Inc. the lowest base bidder, determined on the use of the equivalent material mentioned above ”. The mere fact that the minutes of respondent’s meeting do not specifically state that the architect was present does not raise a presumption either that he was or was not *227 present. Further, the specifications were not and could not he drawn to favor Ace Colorlith. Specifications may not be drawn to insure the award of a contract to any particular manufacturer. If they were so drawn they would be objectionable and invalid. Consequently, the use of equivalents is not only sanctioned but necessary. (Gerzof v. Sweeney, 16 N Y 2d 206, 211 [1965].)
It is not the function of judicial review in an article 78 proceeding to substitute the court’s judgment for that of the body being reviewed, but only to determine if the municipal body’s action may be supported on any reasonable basis. A presumption of legality attends the action of the municpal body in these actions. Reasonable men may differ but the agency which is responsible to make the decision as to awarding a public work contract, in the absence of fraud, collusion, illegality or clearly arbitrary action, should have its decision upheld. (Matter of Kayfield Constr. v. Morris, 15 A D 2d 373,379 [1st Dept., 1962].)
It is this court’s determination that the respondent board’s action was neither arbitrary nor capricious. The award to McCarey Company was made after proper competitive bidding pursuant to section 103 of the General Municipal Law. The contract was properly awarded and this court may not substitute any other result. (Matter of Haskell-Gilroy, Inc. v. Young, 20 Misc 2d 294 [1959], affd. 10 A D 2d 629 [2d Dept., 1960]; Matter of Southern Steel Co. v. County of Suffolk, 51 Misc 2d 198, 202 [Sup. Ct., Suffolk County, 1966].)