Emmett J. Schnepp, J.
In this article 78 proceeding, petitioner seeks to annul the award by the City of Rochester of a contract for the general construction of a building known as the Northeast Neighborhood Facility, Project No. NF11, to John Luther & Sons, Inc. in January, 1972. Petitioners allege that its bid of $795,000 was the lowest responsible bid and that the award violated section 103 of the General Municipal Law. The respondents contend that the petitioner was ineligible to be awarded the contract by reason of its failure to comply with the contract conditions concerning equal employment opportunity, and further that the city was justified in deducting from the Luther bid of $825,000 the sum of $41,000 by reason of a substitution under the “ or equal clause ” of the contract which resulted in a Luther base bid of $784,000. These contentions are considered in that order.
The contract is a nonexempt Federal and Federally-assisted construction contract by reason of which contractors are required to assure equal employment opportunity in all aspects of employment irrespective of race, color, creed or national *826 origin and comply with Executive Order No. 11246 of the Secretary of Labor dated September 28, 1965. Pursuant to Executive Order No. 11246 the bid conditions entitled ‘1 Affirmative Action Requirements, Equal Employment Opportunity ” require all bidders to comply with the provisions of the “ Rochester, New York Area Construction Industry Memorandum of Understanding regarding Equal Employment Opportunity” incorporated in Part I of such bid conditions, or as an alternative to comply with an affirmative action plan as set forth in Part II of the bid conditions in order “to be considered responsive bidders and hence eligible for the award of non-exempt federal and federally-assisted constructions in Rochester, New York and vicinity ”. Part I applies to bidders with respect to construction trades for which they are parties to collective bargaining agreements with a labor organization and who together with such labor organization have agreed to the Rochester plan among the Allied Trades Council, F.I.Gr.H.T., and the Builders Exchange. Petitioner submitted a certification with his bid which was required to be completed to be eligible under Part I.
A contractor was eligible under Part I to make such certification if a signatory to the “ Rochester Plan ” contract or a member of the Builders Exchange. It is not disputed that at the time of the submission of the bid petitioner was neither a signatory to such “ Rochester Plan ” nor a member of the Builders Exchange and its completion of this certificate was improper.
The provisions of Part II are applicable to those bidders who, in regard to the various construction trades are not “ signatories to the Rochester Plan referred to in Part I hereof ’ Bidders to which Part II is applicable are not eligible for the award of a contract unless such bidder has submitted “ as part of its bid and has had approved by the D.H.U.D. a written affirmative action plan ’ ’. It is not disputed that petitioner failed to submit such affirmative action program.
Petitioners contend, however, that the “Information For Bidders,” as part of the contract documents, contained a provision entitled “ City of Rochester Fair Employment Practices Provision ’ ’ which provides in substance that the contractor adhere to the Rochester plan or as an alternative submit an alternate proposal for fair employment practices to the secretary of the Rochester Urban Renewal Agency “prior to the time of execution of this contract ’ ’. The general conditions of the contract provide, in paragraph 1 entitled “ Contract and Contract Documents ”, that the project will be financed with HUD assistance and is “ subject to all applicable Federal *827 laws and regulations Paragraph 41 of such general conditions provides that any provisions in any of the contract documents in conflict or inconsistent with any of the paragraphs in the general conditions shall be void to the extent of such conflict or inconsistency. Paragraph 46 of the general conditions entitled ‘ ‘ Equal Employment Opportunity5 provides among other things that the contractor will comply with all provisions of Executive Order No. 11246 of the Secretary of Labor. Paragraph 43 of the general conditions states that each and every provision of law required by law to be inserted in the contract shall be deemed to be inserted and it shall be read and enforced as though it were included therein. Accordingly, the City of Rochester fair employment practices provision which permits the submission of an alternate proposal for fair employment practices, prior to the time of the execution of this contract (italics added) must give way to the bid conditions adopted pursuant to Executive Order No. 11246 requiring bidders to submit the required affirmative action program as part of its bid. Because petitioner was not a signatory to the Rochester plan and failed to submit a written affirmative action plan as part of its bid, it was not a responsive bidder and was ineligible to receive the award.
Although the above conclusion is sufficient to dispose of this proceeding, another controversy relates to the award of the bid based upon the deduction resulting from the ceiling subsystem substitution. The building is composed of five subsystems, among which is an integrated ceiling subsystem. Paragraph No. 16 of the information for bidder’s entitled, “ Methods of Award — Lowest Qualified Bidder” provides: “If at the time this contract is to be awarded, the lowest base bid submitted by a responsible bidder does not exceed the amount of funds then estimated by the Owner as available to finance the contract, the contract will be awarded on the base bid only. If such bid exceeds such amount, the Owner may reject all bids or may award the contract on the base bid combined with such deductible alternates applied in numerical order in which they are listed in the Form of Bid, as produces a net amount which is within the available funds.”
The amount available to finance the contract was determined by the owner to be a sum not to exceed $804,000. Petitioner contends that it submitted the lowest base bid and that the lower bid of Luther was arrived at by deducting an alternate. It thus contends that the lowest base bid within the amount of funds available to finance the contract was the bid of petitioner *828 and that the city was obligated to award the contract on this base bid only.
Paragraph 32 of the information for bidders contains the standard “or equal clauses” which permits acceptance of a material or device equal to the standard described in the contract. The ceiling subsystem specified as the basis for the bid was one described as manufactured by the Lok-Products Company. Luther’s bid included a deduction of $41,000 based upon its furnishing an integrated ceiling subsystem manufactured by Armstrong Cork Co., described in the ceiling subsystem specification as an acceptable manufacturer. Petitioner did not include any quotes for a subsystem substitution. The substitute set forth in the Luther bid was accepted by the city and the contract awarded for $784,000. The ceiling subsystem specifications provided that ‘ ‘ products of other manufacturers may be quoted on the bid form as alternates stating the amount to be added or deducted from the contract”. (§ 13A-8.) The city treated the Luther “ or equal” bid as the substitution of an equivalent ceiling subsystem and not as an alternate as defined in paragraph 16 of the information for bidders. The effect of this was to reduce the amount of the Luther base bid. The general construction alternates were set forth in section F of the specifications, and no reference is made there to the substitutions permitted by section 13 A. The form of the bid referred to the substitutions as “sub-system alternates” and provision was made for their entry in a paragraph separate from the general construction alternates, which permitted a “ deduct ” only. It cannot be held that the action of the city, in treating the deduction for the ceiling substitute as a reduction of the base bid, was either arbitrary or capricious. (Matter of Fonseca v. Board of Educ. of Rome City School Dist., 58 Misc 2d 223; General Municipal Law, § 103.) Accordingly the petition is dismissed.