Stewart F. Hancock, Jr.,
J. Petitioner, R. Gr. H. Plumbing, Inc. (R.Gr.H.), the second lowest bidder on the plumbing contract for the new Lincoln Junior High School in Syracuse, has commenced this article 78 proceeding to annul the award of the contract to the lowest bidder, respondent J & K Plumbing & Heating Co., Inc. (J & K) and to compel respondent, the City of Syracuse, to award the contract to R.Gr.H.
The bids were received on August 7, 1972. J & K was low bidder at $213,000 — R.Gr.H. next lowest at $218,000. . On September 21,1972 the contract was awarded to J & K which, it appears, in reliance on the contract has commenced the work. This proceeding was started by an order to show cause served on the City of Syracuse on November 15, 1972.
Petitioner asserts that the awarding of the contract to J & K is illegal since at no time prior to the commencement of the work had it been certified as competent by the Onodagá County Examining Board for plumbers or obtained a plumbing permit as *446 required by Onondaga County Local Law No. 3, 1968 (§2, subd. [a]; § 2, subd. [b], par. 1) and the Administrative Rules and Regulations Governing Plumbing Installations, County of Onondaga, adopted August 26,1968 (art III, § 1). Puthermore, it is claimed that J & K in commencing and continuing performance under the contract without having obtained either the required certificate of competency or plumbing permit is in violation of the general requirement contained in its contract with the city that all work installed must be in accordance with applicable. State and local codes and ordinances.
The petitioner does not allege that a prior certification of competency by the examining board was one of the necessary qualifications for a bidder or a prerequisite to the acceptance of a bid. (It is noted in the affidavit of James L. Lewis, dated December 8, 1972, that such a condition was imposed in the instructions to bidders, dated March 31,1972, for the addition to St. Joseph’s Hospital.) Nor is it claimed that the prior possession of the plumbing permit — ordinarily applied for and obtained, if required, on payment of a fee only if the bid is accepted and after the contract is let — was one of the bid requirements.
Thus, petitioner is not alleging that the City of Syracuse through its Department of Purchase acted illegally or arbitrarily in its decision to accept J & K as the lowest responsible bidder and to award the contract to it. Rather, its contention is that events occurring subsequent to the award of the contract on September 21, 1972 — the commencement and performance of the work by J & K without having obtained a certificate of competency or a plumbing- permit — render the awarding of the contract to J & K illegal and compel issuance of the contract to the next lowest bidder.
There is no indication that the County of Onondaga has taken any steps to enforce compliance with Onondaga County Local Law No. 3, 1968 or with the county plumbing rules and regulations, as did the City of Kingston in seeking an injunction against the contractor in City of Kingston v. Bank (45 Misc 2d 176), relied on by petitioner. Nor does respondent City of Syracuse contend that J & K must comply with either the county local law or the county plumbing rules and regulations or assert any breach of contract on its part. On the contrary, the city’s position is that the county local law and the plumbing rules and regulations are inapplicable, citing as authority for its position section 408 of the Education Law (Town of Poughkeepsie v. Hopper Plumbing & Heating Corp., 46 Misc 2d 761, affd. 26 A D *447 2d 772 and Matter of Board of Educ. of City of Buffalo v. City of Buffalo, 32 A D 2d 98).
On the petition and the papers before it, this court concludes that the petitioner has not shown a valid basis for annulling the determination of the City Department of Purchase in accepting J&Kas the lowest responsible bidder and awarding the contract to it. It is not asserted anywhere that J & K was not responsible; or that its bid was defective; or that in accepting J & K’s bid the city violated any of its duties under section 103 of the General Municipal Law. Since a prior certification of competency was not a prerequisite for bidder qualification or bid acceptance, the city had no alternative but to accept the bid of J & K. (Apex Ind. Constr. Corp. v. Village of Lake George, 31 A D 2d 670; Matter of Long Is. Signal Corp. v. County of Nassau, 51 Mise 2d 320; Matter of Premier Elec. Installation Co. v. Board of Educ., 20 Misc 2d 286; 12 Opn. St. Comp., 1956, p. 130.) As stated in Apex Ind. Constr. Corp. v. Lake George,. supra, p. 671, “ We find no sound basis for appellants’ contentions that the village should not have awarded the plumbing and electrical contracts to nonunion employers or that, having done so, the village should have abrogated them. Neither procedure could have been lawfully pursued, the particular contractor having been, in each case, ‘ the lowest responsible bidder ’ (General Municipal Law, § 103, subd. 1) and having met the other statutory qualifications entitling it to be awarded the contract for its specialty. (See Matter of Long Is. Signal Corp. v. County of Nassau, 51 Misc 2d 320.) ”
Whether a taxpayers’ action pursuant to section 51 of the General Municipal Law or some other proceeding may lie against the city, the City Engineer, the Corporation Counsel, or the Board of Education because of the failure to compel compliance by J & K with the Onondaga County Local Law and plumbing rules and regulations is a question that need not be decided. (See Niegocki v. Dennison, 219 N. Y. S. 2d 109.) However, this court is of the opinion that the city is correct in its contention that the Onondaga County permit and certification of competence requirements do not apply, since under the New York State Constitution (art XI, § 1) and the Education Law (§§ 408 and 2556, subd. 4) the authority and responsibility for the construction of school buildings are vested exclusively in the State and the Board of Education. (Town of Poughkeepsie v. Hopper Plumbing & Heating Corp., 46 Misc 2d 761; Matter of Board of Educ. of City of Buffalo v. City of Buffalo, 32 A D 2d 98; County of Westchester v. Village of Mamaroneck, 22 A D 2d 143; *448 Nehrbas v. Incorporated Vil. of Lloyd Harbor, 2 N Y 2d 190.) As stated in Matter of Board of Educ. of City of Buffalo v. City of Buffalo (supra, p. 100): “ Since the State has reserved unto itself the control over the authority to regulate all school matters, and, further, since the State has surrendered to school districts a portion of its (the State’s) sovereign power and delegated to the districts some of these responsibilities imposed by the Constitution, including the selection of building sites and erection of buildings thereon pursuant to sections 401, 407, and 408 of the Education Law, it follows that a school district should be and is immune from the attempted regulation of these rights and responsibilities by means of building codes or zoning ordinances. (Herman v. Board of Educ., 234 N. Y. 196; County of Westchester v. Village of Mamaroneck, 22 A D 2d 143.) ”
In the opinion of this court, it matters not that the Commissioner of Education has apparently waived the requirements for submission of plans and specifications under section 408 of the Education Law and agreed to accept an outline of same, thereby vesting more of the responsibility in the Board of Education. Nor does it matter that under the contract the City Engineer is responsibile for all inspections. The power, authority and responsibility over school construction belong by law to the State and the school board and not the city. And, therefore, the Board of Education or the agencies, officials or designees constructing a school building on its behalf may not be compelled to require compliance with local building or plumbing codes and ordinances in connection with such construction. (Matter of Board of Educ. of City of Buffalo v. City of Buffalo, supra.)
For the foregoing reasons the petition is dismissed.