Edward M. Saltzman, Esq. Corporation Counsel, Village of Port Chester
This is in response to your inquiry concerning the occupancy limitations in taverns and bars found in the Port Chester Fire Prevention Code. You ask whether the Village can prevent a tavern or bar owner or operator from admitting additional persons once the occupancy limitations have been reached.
Under section 4-412, subd 1 of the Village Law, the Village of Port Chester "may take all measures and do all acts, by local law, not inconsistent with the provisions of the constitution which shall be deemed expedient or desirable for * * * the protection of * * * the safety, health * * * and general welfare of its inhabitants". Pursuant to this authority a village may enact reasonable occupancy limitations in bars and taverns to provide for the public safety.
The provision in the Village Fire Prevention Code which limits the occupancy in taverns and bars clearly was enacted to provide for the public safety:
"Section 27.11. Number of Occupants Permitted.
 "A. The maximum number of persons permitted for each room for purposes of public assembly shall not exceed one (1) person per fifteen (15) square feet of space or the capacity of the exit ways, whichever is less." (Emphasis supplied.)
The obvious intent of the above provision is to prevent overcrowding in bars and taverns in order to allow for easier egress in the event of fire.
The Village Fire Prevention Code provides sanctions for violations of that code:
"§ 43-6. Penalties for offenses.
 "A. Any person who shall violate any of the provisions of the code hereby adopted or fail to comply therewith * * * shall * * * be guilty of an offense, punishable by a fine of not less than twenty-five dollars ($25.) nor more than one hundred dollars ($100.). * * *
 "B. A violation hereof shall constitute disorderly conduct, and a person violating the same shall be a disorderly person.
 "C. Nothing in this Fire Prevention Code shall be construed as depriving the village, the Port Chester Fire Department or the Board of Trustees of any other available remedy, either of a civil or a criminal nature.
 "D. The application of any penalties hereunder shall not be held to prevent the enforced removal of prohibited conditions."
There are at least three methods by which the occupancy limitations can be enforced. They may be used alone or in combination. The first method is, of course, the imposition of the penalties already provided for. A second method is by use of injunctive relief. See People ex rel. Bennettv Laman, 277 N.Y. 368 at p 381 (1938) ("the fact that a criminal penalty is imposed for the performance of such acts will not deprive equity of its jurisdiction. * * *"); City of Utica v Ortner, 256 App. Div. 1039
(4th Dept, 1939); and Poughkeepsie v Hopper Plumbing, 45 Misc.2d 23 (Sup Ct, Dutchess Co, 1965) affd 23 A.D.2d 884 (2d Dept, 1965).
A third method is based on the fundamental proposition that one of the functions of a police officer is to prevent the commission of crimes. See, for example, section 435 of the Charter of the City of New York, which provides that it is the duty of the police to prevent the violation of laws. Such a provision specifically allows the police in the City of New York to prevent persons from entering a bar or tavern that has reached occupancy limits. Of course, without stated penalties provided for failure to obey the directions of the police officer under such circumstances, it might be difficult to enforce compliance with those instructions. Thus, your village could enact a local law prohibiting persons from entering a bar or tavern once the occupancy limitations have been reached and subjecting a person to a fine for entering such a place after having been warned not to do so by the owner or operator of the establishment (or an agent) or by a police officer stationed at the entrance. The warning should be clear that entry is prohibited because the occupancy limits of the establishment have been reached.