██ In the Matter of Ithaca City School District, Respondent, v City of Ithaca et al., Appellants. [918 NYS2d 232]—

Stein, J.

Petitioner owns a four-acre parcel of property in the City of Ithaca, Tompkins County. Located on the property is a building formerly known as the Ithaca Gas Works, but now commonly referred to as the Markles Flats Building. The building housed a coal gas manufacturing plant until 1932. In 1978, the building was designated a historical landmark by respondent Ithaca Landmarks Preservation Commission (hereinafter ILPC). The property is contaminated due to its prior use and was listed by the Department of Environmental Conservation as a class 2 site

on the Registry of Inactive Hazardous Waste Disposal Sites.[1] In December 2008, petitioner applied to the ILPC for permission to demolish the building. Public hearings were thereafter held before the ILPC at which neighborhood residents testified both in support of and in opposition to demolition. Upon the ILPC's denial of petitioner's request, petitioner commenced this combined proceeding pursuant to CPLR article 78 and action for declaratory judgment seeking a declaration that the ILPC lacked jurisdiction over petitioner and annulment of the ILPC's determination. Supreme Court determined that the ILPC did not have jurisdiction to make the decision and granted the petition. Respondents now appeal and we affirm.

We have held that a local government's authority to regulate landmarks "does not include the power to regulate the activity of a [s]tate agency which might affect historical or cultural property under the control and jurisdiction of the [s]tate agency" (*Matter of Ebert v New York State Off. of Parks, Recreation & Historic Preserv.*, 119 AD2d 62, 65-66 [1986], *lv denied* 68 NY2d 612 [1986] [State University Fund not required to comply with local historical preservation ordinance before demolishing existing structure; state level review sufficient]). Thus, the question here distills to whether a public school district, like petitioner herein, is akin to a state agency in this context and is, therefore, encompassed within the same precepts. While we have not previously addressed this precise question, the very nature of school districts, together with related precedent, convinces us that such question should be answered in the affirmative.

The Court of Appeals has long held that a board of education is a "governmental agency of the state" (*Herman v Board of Educ. of Union School Dist. No. 8, Town of Arcadia, Wayne County*, 234 NY 196, 201 [1922]; *accord Town of Poughkeepsie v Hopper Plumbing & Heating Corp.*, 23 AD2d 884, 885 [1965, Hill and Hopkins, JJ., dissenting]) and that "public education shall be beyond control by municipalities and politics" (*Matter of Divisich v Marshall*, 281 NY 170, 173 [1939]). It has also been recognized that "[a] school district and its [b]oard of [e]ducation is more than a mere agent of the [s]tate. It is an entity performing a [s]tate purpose pursuant to the mandate of the People as directed by their Constitution" (*Board of Educ. of Cent. School Dist. No. 1, Towns of E. Greenbush v Allen*, 51 Misc 2d 297, 299 [1966], *revd* 27 AD2d 69 [1966], *affd* 20 NY2d

---

1. This designation indicates that the hazardous waste presents a significant threat to the public health or environment and that remedial action is required.

109 [1967];[2] *see Matter of Divisich v Marshall*, 281 NY 170 [1939]; *see generally* NY Const, art XI, § 1; Education Law § 2 [14]; *accord City of New York v State of New York*, 86 NY2d 286, 298 [1995, Ciparick, J., dissenting]).[3] We have previously referred to a school district as "a creature and subdivision of the [s]tate" (*Matter of Board of Educ. of Roosevelt Union Free School Dist. v Board of Trustees of State Univ. of N.Y.*, 282 AD2d 166, 172 [2001]).

Inasmuch as school districts are "created by the [s]tate for the convenient carrying out of the [s]tate's governmental powers and responsibilities as its agent[ ]" (*City of New York v State of New York*, 86 NY2d at 290) and "the [s]tate has reserved unto itself the control over and the authority to regulate *all* school matters" (*Matter of Board of Educ., City of Buffalo v City of Buffalo*, 32 AD2d 98, 100 [1969]), we conclude that, in the instant matter, petitioner's proposed demolition of its building may only be subject to oversight and regulation by state agencies, such as the Office of Parks, Recreation and Historic Preservation (*see Matter of Ebert v New York State Off. of Parks, Recreation & Historic Preserv.*, 119 AD2d at 65-66). Accordingly, we agree with Supreme Court's determination that the ILPC lacked jurisdiction to regulate petitioner's property under the circumstances here.

Respondents' remaining contentions are rendered academic by our decision.

Mercure, J.P., Rose, Lahtinen and Malone Jr., JJ., concur. Ordered that the judgment is affirmed, without costs.

**2.** While the Appellate Division and the Court of Appeals disagreed with the result reached by the Supreme Court in *Allen* on the issue of standing, the foregoing principle remains good law.

**3.** We note that the Department of Education has delegated to local school boards many of its powers subject to regulation by the Commissioner of Education (*see* 1999 Ops Atty Gen No. 99-20). One example of this delegation relates to the construction of buildings and includes the requirement that school districts apprise the State Historic Preservation Office of its intention regarding construction in order to ensure compliance with the responsibilities of the Department of Education under Parks, Recreation and Historic Preservation Law § 14.09 (*see* Instruction Guide for Public School Districts and BOCES Obtaining Building Permits for Capital Construction Projects, July 2002, http://www.p12.nysed.gov/facplan/publicat/BP_instruction_guide.html [accessed Feb. 7, 2011]).