# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**937**
**CA 12-02254**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF COUNTY OF HERKIMER,
PETITIONER-PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

VILLAGE OF HERKIMER,
RESPONDENT-DEFENDANT-APPELLANT.

---

LONGSTREET & BERRY, LLP, SYRACUSE (MICHAEL J. LONGSTREET OF COUNSEL),
FOR RESPONDENT-DEFENDANT-APPELLANT.

ROBERT J. MALONE, COUNTY ATTORNEY, HERKIMER (LORRAINE H. LEWANDROWSKI
OF COUNSEL), FOR PETITIONER-PLAINTIFF-RESPONDENT.

-------------------------------------------------------------------------------------------------

Appeal from a judgment (denominated order and judgment) of the
Supreme Court, Herkimer County (Erin P. Gall, J.) entered August 23,
2012 in a CPLR article 78 proceeding and declaratory judgment action.
The judgment declared null and void the February 6, 2012 amendment to
the Village of Herkimer's zoning ordinance, denied the motions of
respondent-defendant to dismiss and strike and reserved decision with
respect to sewer and municipal services.

It is hereby ORDERED that the judgment so appealed from is
unanimously modified on the law by vacating the declaration and as
modified the judgment is affirmed without costs, and the matter is
remitted to Supreme Court, Herkimer County, for further proceedings in
accordance with the following Memorandum: Petitioner-plaintiff,
County of Herkimer (County), selected an abandoned shopping center
located within respondent-defendant, Village of Herkimer (Village), as
the site for its new jail, i.e., the proposed Herkimer County
Correctional Facility (Facility). Pursuant to Correction Law § 45
(10), the Commission of Correction (Commission) approved that site for
the construction of the Facility, and the County thereafter applied
for approval of a connection for the Facility to the Village sanitary
sewer system. After the Village Board denied that application, the
County commenced this hybrid CPLR article 78 proceeding and
declaratory judgment action. The petition-complaint sought, inter
alia, a judgment annulling the determination denying the County's
application and declaring that the Village is required to provide
sewer services to the Facility. In anticipation of amendments to the
Village zoning ordinance that would exclude correctional facilities
from the zoning districts in which the site of the planned Facility
was located, the County amended its petition-complaint to seek, inter
alia, a further declaration that such amendments are null and void.

The Village thereafter adopted the anticipated amendments, which exclude from the legal uses in C-3 Central Commercial Districts and I-I Industrial Districts a "correctional facility, correctional institution, or jail" (Amended Zoning Ordinance of the Village of Herkimer §§ 3.6 [j]; 3.7 [b] [4]).

We agree with the Village that the record is inadequate to make a determination, based upon a "balancing of public interests," whether the County is immune from the requirements of those amendments with respect to its siting of the proposed Facility (*Matter of County of Monroe [City of Rochester]*, 72 NY2d 338, 341 [internal quotation marks omitted]). The factors to be weighed in making that determination are "the nature and scope of the instrumentality seeking immunity, the kind of function or land use involved, the extent of the public interest to be served thereby, the effect local land use regulation would have upon the enterprise concerned and the impact upon legitimate local interests[,] . . . the applicant's legislative grant of authority, alternative locations for the facility in less restrictive zoning areas, . . . alternative methods of providing the needed improvement[,] . . . intergovernmental participation in the project development process and an opportunity to be heard" (*id*. at 343 [internal quotation marks omitted]). Here, inasmuch as the record is inadequate to permit the appropriate balancing of those factors, we remit the matter to Supreme Court for a determination, based upon a more complete record, whether the County is immune from the requirements of the Village zoning ordinance (*see generally Town of Riverhead v County of Suffolk*, 66 AD3d 1004, 1005).

We also agree with the Village that the court erred in granting that part of the amended petition-complaint seeking judgment declaring that the amendments to the zoning ordinance, insofar as they result in the exclusion of the Facility from the location approved by the Commission, are null and void on the ground that they are preempted by state law. In the event that the court determines, upon remittal, that the County is immune from the requirements of the amendments at issue, that request for declaratory relief will be rendered moot (*see generally New York Pub. Interest Research Group v Carey*, 42 NY2d 527, 531; *Times Sq. Stores Corp. v Bernice Realty Co*., 107 AD2d 677, 682). The court, however, granted a declaration that those amendments are null and void as applied to the proposed Facility, which would produce the same result as a determination of immunity in the County's favor. We therefore note our disagreement with the court's determination that the amendments to the zoning ordinance are preempted by state law. We conclude that the New York State Legislature has not "enacted a comprehensive and detailed regulatory scheme" with respect to the siting of County correctional facilities (*Consolidated Edison Co. of N.Y. v Town of Red Hook*, 60 NY2d 99, 105), nor has the State otherwise "demonstrated its intent to preempt [the] entire field and preclude any further local regulation" in that area (*Incorporated Vil. of Nyack v Daytop Vil.*, 78 NY2d 500, 505). To the contrary, state legislation regarding the siting of county correctional facilities is limited to requiring Commission approval of a county's site selection (*see* County Law § 216; Correction Law § 45 [10]). The New York State Legislature has not directly or impliedly expressed any intent "to trump local

efforts to regulate the location of [correctional] facilities through the application of [the] zoning laws" (*Incorporated Vil. of Nyack*, 78 NY2d at 507). We therefore modify the judgment by vacating the declaration.

We reject the contention of the County, raised for the first time on appeal, that the amendments at issue are invalid on the alternative ground that they "violate[] the principle that zoning is concerned with the use of land, not with the identity of the user" (*Sunrise Check Cashing & Payroll Servs., Inc. v Town of Hempstead*, 20 NY3d 481, 483, *rearg denied* 21 NY3d 978). The amendments here are directed at land use, not at the entity that owns or occupies the land (*cf. id*. at 485). Contrary to the County's further contention, the action of the Village Board in amending the Village zoning ordinance does not constitute exclusionary zoning (*see generally Asian Ams. for Equality v Koch*, 72 NY2d 121, 133).

We have considered the parties' remaining contentions and conclude that none requires further modification of the judgment.

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court