[66 NYS3d 534]

In the Matter of RAVENA-COEYMANS-SELKIRK CENTRAL SCHOOL DISTRICT, Appellant, v TOWN OF BETHLEHEM et al., Respondents, et al., Respondent.

Third Department, November 30, 2017

**APPEARANCES OF COUNSEL**

*Girvin & Ferlazzo, PC*, Albany (*Daniel S.L. Rubin* of counsel), for appellant.

*James T. Potter, Town Attorney* (*Michael J. Moore* of counsel), for Town of Bethlehem and another, respondents.

**OPINION OF THE COURT**

McCarthy, J.P.

Appeal from a judgment of the Supreme Court (Young, J.), entered May 12, 2016 in Albany County, which, among other things, dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of respondent Zoning Board of Appeals of the Town of Bethlehem denying petitioner's request for a variance.

In January 2015, petitioner inquired of respondent Town of Bethlehem whether any local law would prohibit it from replacing an existing traditional sign at one of its elementary schools with an electronic message board sign. The Town responded that such electronic signs were expressly prohibited under its zoning laws. Petitioner then applied for a variance in order to install such a sign that had already been donated to the school. Although the Town promptly denied petitioner's application, the Town discovered that petitioner had, nevertheless, erected the electronic sign. The Town informed petitioner that it was in violation of various provisions of the Town's zoning law and needed to remove the sign, to which petitioner replied that, as a public school, it was not subject to local zoning requirements. As a precaution, petitioner then appealed the Town's variance denial to respondent Zoning Board of Appeals of the Town of Bethlehem (hereinafter the ZBA).

Meanwhile, petitioner learned that it did not own the real property upon which the sign was erected but, rather, the property was owned by the state by virtue of a right-of-way to the abutting highway. The Department of Transportation agreed to allow the sign to remain on the property, subject to certain conditions, so long as petitioner received the necessary Town approval. However, after a public hearing, the ZBA denied petitioner's application for a variance citing, among other things, traffic safety concerns. Petitioner commenced this combined CPLR article 78 proceeding and action for declaratory judgment seeking, among other things, a declaration that it is immune and exempt from compliance with the Town's zoning law. The Town and the ZBA counterclaimed, seeking an order directing petitioner to remove the sign. Supreme Court rejected petitioner's immunity argument, dismissed the peti-

tion and directed that petitioner remove the electronic sign.[1] Petitioner appeals.[2]

Petitioner argues that, as a public school, it is immune and exempt from all municipal zoning regulations as they apply to the use of real property for school purposes. While schools enjoy some immunity from zoning regulations, that immunity is not so broad and absolute as petitioner contends. "As a matter of constitutional and statutory delegation, local governments are authorized to legislate in enumerated areas of local concern, subject to the Legislature's overriding interest in matters of statewide concern" (*Matter of Cohen v Board of Appeals of Vil. of Saddle Rock*, 100 NY2d 395, 399 [2003] [citations omitted]; *see* NY Const, art IX, § 3 [a] [1]; Municipal Home Rule Law § 10 [1] [i], [ii] [d] [3]), one of which is "the administration of public education" (*Lanza v Wagner*, 11 NY2d 317, 326 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *see Weimer v Board of Educ. of Smithtown Cent. School Dist. No. 1*, 52 NY2d 148, 153 n 2 [1981]; *Matter of Board of Educ. of City School Dist. of City of N.Y. v City of New York*, 41 NY2d 535, 542 [1977]; *see also* NY Const, art XI, § 1 ). The Legislature has charged the Education Department and local boards of education with the management and control of educational affairs and public schools (*see* Education Law §§ 101, 1709 [33]).

Some courts have interpreted this mandate as "the [s]tate . . . reserv[ing] unto itself the control over and the authority to regulate *all* school matters," such that "a school district should be and is immune from the attempted regulation of [certain] rights and responsibilities [granted under the Education Law] by means of building codes or zoning ordinances" (*Matter of Board of Educ., City of Buffalo v City of Buffalo*, 32 AD2d 98, 100 [1969]; *see Matter of Jewish Bd. of Family & Children's Servs. v Zoning Bd. of Appeals of Town of Mount Pleasant*, 79 AD2d 657, 658 [1980]; *R.G.H. Plumbing v City of Syracuse*, 72 Misc 2d 445, 448 [Sup Ct, Onondaga County 1972], *affd* 42 AD2d 1054 [1973]). However, several of these courts have incorrectly interpreted prior decisions to extend a full exemption from zoning ordinances where it was not war-

---

**1.** Supreme Court also granted the motion by respondent Commissioner of Education to dismiss the petition against her. On appeal, petitioner does not challenge that portion of the judgment.

**2.** Petitioner's timely appeal has stayed Supreme Court's order to remove the sign (*see* CPLR 5519 [a] [1]).

ranted (*see e.g. Durand v Board of Coop. Educ. Servs., Second Supervisory Dist., Westchester County*, 70 Misc 2d 429, 432 [Sup Ct, Westchester County 1972], *affd* 41 AD2d 803 [1973]). Indeed, the Court of Appeals has previously eschewed the proposition that "appropriate [planning and zoning] restrictions may never be imposed with respect to a church and school and accessory uses," instead approving of the possibility that municipalities may exclude these uses from designated areas under the right circumstances (*Matter of Diocese of Rochester v Planning Bd. of Town of Brighton*, 1 NY2d 508, 526 [1956]).

Reliance on cases granting schools immunity from all zoning regulation is misplaced, considering the Court of Appeals decision in *Cornell Univ. v Bagnardi* (68 NY2d 583 [1986]). There, two private universities sought declarations that their respective locality's zoning ordinances, under which each had been denied a special permit to expand into a zoning district where not otherwise permitted, were unconstitutional (*id.* at 589-590). The Court of Appeals first set forth certain background information to fully explain "[t]he rules governing the relationship between the right of educational institutions to expand and the right of municipalities to regulate land use" (*id.* at 592-593). Such general rules include how, "[h]istorically, schools and churches have enjoyed special treatment with respect to residential zoning ordinances and have been permitted to expand into neighborhoods where nonconforming uses would otherwise not have been allowed," because "schools, public, parochial and private, by their very nature, singularly serve the public's welfare and morals," which is the overarching purpose of all zoning laws (*id.* at 593). However, concerns over inconveniences, such as traffic and noise, led many municipalities to prohibit the new construction of schools, either in the entire municipality or at least in certain areas, which prompted courts to protect educational institutions from such exclusionary ordinances (*see id.* at 593).

Significantly, it is in this context that the Court of Appeals noted that "[t]hese general rules . . . were interpreted by some courts to demand a full exemption from zoning rules for all educational and church uses"—an interpretation that "is mandated neither by the case law of our [s]tate nor common sense" (*id.* at 594). The Court clarified that it never intended to "render municipalities powerless in the face of a religious or educational institution's proposed expansion, no matter how offensive, overpowering or unsafe to a residential neighborhood

the use might be," and renewed its rejection of the existence of "any conclusive presumption of an entitlement to an exemption from zoning ordinances" for schools (*id.* at 594; *see Matter of Diocese of Rochester v Planning Bd. of Town of Brighton*, 1 NY2d at 526). The Court thus concluded that "there are many instances in which a particular educational or religious use may actually detract from the public's health, safety, welfare or morals [and, i]n those instances, the institution may be properly denied" (*Cornell Univ. v Bagnardi*, 68 NY2d at 595). Accordingly, the Court held that the presumed beneficial effects of schools and churches "may be rebutted with evidence of a significant impact on traffic congestion, property values, municipal services and the like," because the "inherent beneficial effects . . . must be weighed against their potential for harming the community" (*id.* at 595, 597; *see Matter of Pine Knolls Alliance Church v Zoning Bd. of Appeals of Town of Moreau*, 5 NY3d 407, 412 [2005]).

Contrary to petitioner's argument, *Cornell Univ. v Bagnardi* (*supra*) need not be read so narrowly as to apply only to private schools. Despite that case consisting of two challenges brought by private universities, the Court of Appeals did not limit its holding to only such schools; the Court explicitly mentioned public schools when discussing the beneficial presumption enjoyed by schools generally (*Cornell Univ. v Bagnardi*, 68 NY2d at 593), and public schools provide benefits to the community at least as great as those bestowed by private schools.

That decision similarly cannot be so narrowly construed as to apply solely to circumstances where there is a wholesale exclusion of educational uses in a particular zoning district. The Court of Appeals stated that proposed educational uses that "are dangerous to the surrounding area . . . are unquestionably within the municipality's police power to exclude altogether" (*id.* at 595). If, in the event of a sufficient safety concern, educational uses of property by a school district may be wholly excluded by local law, it follows that a school may be subject to minor curtailment of an accessorial use of real property on the same basis.

The present case does not involve matters that, pursuant to the Education Law, require Education Department oversight of local school boards, for example, the selection of building sites and erection or demolition of buildings thereon (*see* Education Law §§ 401, 407, 408), the sale or acquisition of property (*see* Education Law §§ 402-405), health or safety conditions within

the school (*see* Education Law §§ 409-409-l) or any use of a school building (*see* Education Law § 414; *compare Matter of Ithaca City School Dist. v City of Ithaca*, 82 AD3d 1316, 1318 [2011]; *Matter of Board of Educ., City of Buffalo v City of Buffalo*, 32 AD2d at 100). The Education Department does not require review of sign placement, and petitioner did not request any Education Department review here. Hence, there is no duplication of review—nor the possibility of conflicting determinations—by state and local entities. Neither is there any encroachment by the Town or the ZBA on a state agency's authority.

■ Petitioner argues that, alternatively, it is entitled to immunity under *Matter of County of Monroe (City of Rochester)* (72 NY2d 338, 341-343 [1988]), in which the Court of Appeals addressed the applicability of local zoning laws where a conflict exists between two governmental entities and articulated "a balancing of public interests" test. The test has not previously been applied to a school district or educational use. Rather, the test has generally been employed in situations involving competing localities (*see e.g. Matter of County of Herkimer v Village of Herkimer*, 109 AD3d 1166, 1167 [2013]; *Village of Woodbury v Brach*, 99 AD3d 697, 700 [2012]; *Town of Fenton v Town of Chenango*, 91 AD3d 1246, 1250 [2012], *lv dismissed and denied* 19 NY3d 898 [2012]). In our view, although petitioner is a governmental unit, the balancing of public interests test is not necessary in relation to schools. The more specific zoning principles pertaining to schools and churches, as discussed in *Cornell Univ. v Bagnardi (supra)* and related cases, are applicable here. Indeed, cases involving schools seeking variances do not reference the balancing test urged by petitioner and instead rely on the premise that "[g]reater flexibility than would attach to applications for variances made by commercial institutions is required and the controlling consideration must always be the over-all impact on the public's welfare" (*Matter of Lawrence School Corp. v Lewis*, 174 AD2d 42, 46 [1992] [internal quotation marks, ellipsis and citation omitted]).

■ Because petitioner was not immune from and was, therefore, subject to the Town's zoning ordinances, we must address whether the ZBA properly denied petitioner's application for a variance. The Town and the ZBA did not refuse petitioner the opportunity to install any sign. Rather, the ZBA rejected an application for permission to install an electronic message

center sign, which is prohibited in the Town and which also failed to comply with at least three additional size and location requirements of the signage provisions of the Town's zoning ordinance. The ZBA provided rational reasons for its determination, including a concern for traffic safety due to the sign's brightness and potential to be more distracting and hazardous to passing motorists than an ordinary sign (*see Naser Jewelers, Inc. v City of Concord, N.H.*, 513 F3d 27, 35 [1st Cir 2008]). That determination was not arbitrary or capricious. Accordingly, Supreme Court correctly dismissed the petition and directed petitioner to remove the sign. Finally, because Supreme Court did not make a declaration, we must modify the judgment accordingly.

EGAN Jr., LYNCH, ROSE and RUMSEY, JJ., concur.

Ordered that the judgment is modified, on the law, without costs, by declaring that petitioner has not shown itself to be immune and exempt from respondent Town of Bethlehem's zoning law in these circumstances, and, as so modified, affirmed.